BLAINE, *Appellant*, v. PUBLISHERS GEORGE KNAPP & COMPANY.

Division Two, June 22, 1897.

1. **Admissions:** EFFECTS OF DEMURRER. A demurrer to a petition, on the ground that it does not state a cause of action, admits the truthfulness of the facts alleged, but it does not admit the legal conclusion stated in such petition, nor does it admit plaintiff's understanding of the meaning of the contract sued on.

2. **Pleading:** COPYING CONTRACT INTO PETITION: DEMURRER. Where the contract sued on is in writing and is fully set out in the petition and made a part thereof, it will be considered in connection with the averments of the petition in passing upon its sufficiency, when a demurrer is made to the effect that the petition does not state a cause of action.

3. **Contract of Employment:** EMPLOYER'S RIGHT TO INTERPRET IT. Defendant employed plaintiff under a contract that promised plaintiff $5,000 per year, and further stated that this salary represented the largest amount the defendant believed plaintiff should be paid for the work to be done, but if at any time the character of plaintiff's work, or the extent of increased business he might secure, might fairly justify a change of mind on the part of the conductors of defendant's business, defendant "agrees that an increase of one thousand dollars *per annum* shall be made" in plaintiff's salary. Plaintiff was paid the $5,000 per year and up to the time his employment ceased by mutual consent, had not demanded any increase on the ground that his services were justly worth the extra $1,000 annually; then he sued for $3,234. *Held*, that the contract provided that the employer alone was given the right to determine whether or not plaintiff's services were worth more than $5,000 per year; *and*, as the petition showed the defendant had concluded that plaintiff's services did not justify any increase in his salary, and that there was no averment that defendant had ever conceded that he was entitled to such increase, a demurrer thereto, on the ground that it did not state a cause of action, was properly sustained.

4. **Construction of Contracts.** Courts will not make a different contract for the parties thereto than that they have made for themselves; they will not say the contract is unreasonable, and should not for that reason be enforced; but if no fraud was practiced in the making or procuring of the contract, it will be enforced according to its clear meaning, however much advantage it may give one party over the other.

VOL. 140 mo—16

5. **Employer's Interpretation of Contract.** The authorities showing the employer's right to determine for himself whether the services of the employee, however successful and valuable, are worth more than a stipulated sum, when he is clearly by the contract given such right, are reviewed.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Andrew M. Sullivan* for appellant.

(1) The interpretation placed upon the contract by the petition is the only one consistent with the words and provisions thereof, and the only one which makes it reasonable and just as between the parties. *Goode v. St. Louis*, 113 Mo. 257; *The Huse-Loomis Ice & Trans. Co. v. Heinze*, 102 Mo. 245; *Ellis v. Harrison*, 104 Mo. 270; *Johnson County v. Wood*, 84 Mo. 489; Bishop on Contracts, sec. 588; 2 Parsons on Contracts, pp. 494–499.

*Boyle, Priest & Lehmann* for respondent.

(1) The averments of the petition as to the legal effect of the contract sued upon are not admitted by the demurrer. (2) The petition does not show any breach of the contract by defendant. *Taylor v. Brewer*, 1 M. & S. 110; *Bush v. Koll*, 29 Pac. Rep. 919; *Butler v. Mill Co.*, 28 Minn. 205; *Frary v. American Rubber Co.*, 53 N. W. Rep. 1156; *Koehler v. Bull*, 94 Mich. 496; *Wood, etc. v. Smith*, 50 Mich. 565; *Zaleski v. Clark*, 44 Conn. 218; *Gibson v. Cranage*, 39 Mich. 49; *Tyler v. Ames*, 6 Lans. 280; *Brown v. Foster*, 113 Mass. 136; *McCarron v. McNulty*, 7 Gray, 139; *Campbell Printing Press Co. v. Thorp*, 36 Fed. Rep. 414; *Singerly v. Thayer*, 108 Pa. St. 291. (3) The increase in salary was in any event prospective only and no in-

crease was during the term of contract ever conceded by the defendant or demanded by the plaintiff.

BURGESS, J.—This action was begun in the circuit court of the city of St. Louis for damages for the breach of a contract theretofore entered into by plaintiff and Chas. W. Knapp, publisher of the *Republic*, a newspaper published in said city. The petition, leaving off the formal parts, is as follows:

"And now comes the plaintiff, William T. Blaine, and for cause of action states that the defendant Publishers George Knapp & Company, is and was at the time herein mentioned, a corporation duly organized under the laws of the State of Missouri for the object of printing and publishing newspapers, periodicals, and books, and doing a general business in job and all other kinds of printing and book binding, in the city and county of St. Louis and State of Missouri. That on the second day of December, A. D. 1889, the said defendant was, among other things, engaged in printing and publishing in said city of St. Louis a daily newspaper styled *The St. Louis Republic*, generally known as the *Republic*, and referred to in the contract hereinafter set out, under that name and abbreviation. That on the date last aforesaid plaintiff and defendant entered into a written contract, which is herewith filed and marked 'Exhibit A.' wherein and whereby plaintiff agreed, in consideration of the agreements and undertakings therein on the part of defendant to be done and performed, to render his services to defendant as the principal city advertising solicitor of the defendant, for a period of ten years from and after the first day of January, A. D. 1890; and wherein and whereby defendant, in consideration of the agreements therein on the part of plaintiff to be performed, agreed to pay the plaintiff for his services during the first year of his said

employment the sum of $4,000, and thereafter, during the remaining nine years thereof, $5,000 *per annum;* all to be paid in equal weekly installments; and also further agreed to increase the aforesaid salary and compensation to the extent of $1,000 per annum, if at any time the character of the work done by plaintiff, or the extent of increased business secured defendant by him, fairly justified or was reasonably worth the amount of said increase of salary, which said written contract is in words and figures as follows, to wit:

" 'St. Louis, Mo., December 2, 1889.

" '*Mr. W. T. Blaine:*

· " 'That the nature and tenure of your employment and the compensation therefor may be clearly understood, I will state the conditions, as follows:

" 'I have agreed that you are to be employed for the period of ten years, beginning January 1, 1890, as the principal city advertising solicitor of the *Republic*, and to receive for your services during the first year the sum of four thousand dollars, and thereafter five thousand dollars *per annum* for the remaining nine years, which will be paid you in equal weekly installments.

" 'This offer is conditioned upon your agreement to remain in the position of city advertising solicitor of the *Republic* for the period of ten years, as named, giving your entire time and attention to the duties ordinarily and properly falling to the city advertising solicitor, and not to engage in any other business or occupation which may distract your attention, but to faithfully, studiously and honestly attend to the legitimate duties of your position of city advertising solicitor to the best of your ability.

" 'And I further agree that you will be given every opportunity, advantage and facility to handle the large city business of the *Republic* to the best advan-

tage of the *Republic* and creditably and favorably to your own interests.

" 'I have also agreed that you shall have a vacation of one month each year, at such time between June 1 and September 1 as may cause the least inconvenience to the business interests of the paper.

" 'The salary herein provided represents the largest amount the management of the *Republic* believe should be paid anyone for the duties you will be called upon to perform as city advertising solicitor, but if at any time the character of your work, or the extent of increased business you may secure, may fairly justify a change of mind on the part of the conductors of the paper, I take pleasure in agreeing that an increase of one thousand ($1,000) *per annum* shall be made in your salary.

" 'This agreement shall be in force whenever your signature is attached in attestation of your acceptance of its conditions.

" '(Signed)             CHAS. W. KNAPP,
                 " 'Publisher of the *Republic*.
" 'Accepted:    (Signed)     WM. T. BLAINE.'

"Plaintiff further states that afterwards, to wit, on the first day of January, A. D. 1890, he entered upon the performance of said contract and performed and continued to perform and comply with all of the provisions and conditions thereof, on his part to be done and performed, up to, and until, to wit, the twenty-second day of March, A. D. 1893, when by and with the consent of defendant he ceased to render further service thereunder. Plaintiff avers that service rendered by him to defendant under said contract, was of the highest and best order and of an unusual character, most fitted to successfully and profitably effectuate the object and purpose thereof; that by his said service the amount and volume of business done

by defendant, by way of advertisements in said newspaper, was increased at least sixty thousand dollars annually for each and every year of said employment, to the great profit of defendant; and that the rates paid defendant for said advertisements were increased from time to time over what the defendants' rates or charge for like advertising had been immediately before the time of said employment at least seventy-five *per centum* and that the amount of space used by said advertisers was also increased at least seventy-five *per centum*, all to the great profit of defendant, whose total net profit from said advertising business was, by means of plaintiff's said services, increased *per centum*, annually, on the average, during said term of service. That at all times during plaintiff's employment the work and service rendered defendant by the plaintiff, under and in compliance with said contract and the amount of business, as well as the profits thereof, secured defendant thereby, fairly justified and is and was reasonably worth an increase of $1,000 per year in the salary or compensation to be paid and payable plaintiff by the defendant, under the terms and condition of said contract; that at the time plaintiff ceased to render defendant his service as aforesaid, there was due and payable to plaintiff from defendant, under the terms of said contract, for his said services, the sum of $3,234, payment of which plaintiff then demanded of the defendant; but that said defendant refused and still refuses to pay the same or any part thereof, to plaintiff's damage in the sum of $3,234, for which, with interest as allowed by law, plaintiff prays, judgment with all other necessary and proper relief.''

Defendant demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and plaintiff

refusing to plead further, judgment was rendered for defendant on the demurrer, from which judgment plaintiff appeals.

It is argued by plaintiff that it stands admitted by the demurrer, as alleged in the petition, that the plaintiff commenced work under the contract January 1, 1890, and continued to work thereunder until the twenty-second of March, 1893, when by mutual consent his services ceased. That during this period his services were peculiarly and unusually successful, and resulted in the increase ·of respondent's advertising business $60,000 annually, and in the successful and profitable increase of its advertising rates or charges by at least seventy-five per cent. That he fully complied with the contract on his part, and "that at all times during plaintiff's employment the work and service rendered defendant by him, under and in compliance with said contract, and the amount of business, as well as the profits thereof, secured defendant thereby, 'fairly justified' and is and was reasonably worth an increase of $1,000 per year in the salary or compensation to be paid and payable to plaintiff by the defendant, under the terms and conditions of said contract;" that when his services ceased there was due him from respondent, under the contract, $3,234, which he demanded, and which respondent refused to pay; and that with these facts admitted, the petition states a good cause of action which entitled plaintiff to recover.

While by the demurrer all the allegations of the petition which are well pleaded stand admitted, the legal conclusions the plaintiff would derive therefrom are denied. *Baker v. Berry*, 37 Mo. 306. And when the contract or writing sued upon is copied into and made part of the petition itself, as in this case, it may be considered in connection with the averments in the petition in passing upon its sufficiency and whether

the petition does in fact state a cause of action. The averments as to the meaning of the contract are not admitted by the demurrer; that is a question for the court. "Facts and not conclusions of law are admitted by a demurrer." *Bonnell v. Griswold et al.*, 68 N. Y. 294; *State v. Sykes*, 28 Conn. 228; *Buffalo Catholic Institute v. Bitter et al.*, 87 N. Y. 250.

We are not, therefore, prepared to yield assent to the interpretation put upon the contract by the petition, to the effect that if the services fairly justified or were reasonably worth an increased compensation of $1,000 per annum, that defendant would pay that much for them, or that the real meaning and intent of the parties to be gathered from the consideration of the whole contract and the subject thereof, was that if the compensation fixed upon in advance should, by reason of plaintiff's activity and success, prove to be adequate to the extent of $1,000 per year, that defendant was bound to pay him that sum, in addition to his fixed salary. Upon the contrary, by the terms of the contract, the payment of the additional sum depended upon the character of plaintiff's work, or the extent of increased business he might secure, which might fairly justify that increase, of which defendant alone was to be the judge.

For breach of the contract by defendant the petition alleges that the plaintiff did secure a large increase of advertising business; that this increase of business, "fairly justified and is and was reasonably worth an increase of $1,000 per year in the salary or compensation; . . . but that defendant refused to pay this or any part thereof." It is not however alleged in the petition that defendant ever at any time conceded that plaintiff was entitled to the increase in salary, or that it was ever demanded by him, until he quit the service of defendant, when he demanded the increased com-

pensation for the entire period for which he had been employed.

By the terms of the contract plaintiff was employed for the period of ten years, beginning January 1, 1890, as principal city advertising solicitor of the *Republic*, at an agreed salary of $4,000 for the first year, and thereafter $5,000 *per annum*, with a promise on the part of defendant, if at any time the character of his work, or the extent of increase that he might secure, might fairly justify a change of mind on the part of the conductors of the paper, an increase of $1,000 was to be made in his salary, but this increase depended entirely upon the opinion of the management, and there is no allegation in the petition that the management were of the opinion that he was entitled to it, but it does allege refusal to pay, and as a sequence refusal to recognize, plaintiff's claim for the extra compensation sued for. The salary agreed to be paid, in the language of the contract, "represents the largest amount the management of the *Republic* believe should be paid anyone for the duties you (plaintiff) will be called upon to perform as city advertising solicitor," and it was only in the event of the character of plaintiff's work, or the extent of increased business that he might secure, should fairly justify a change of mind on the part of the conductors of the paper of which the management were the judges that he was entitled to the increase of $1,000 a year. This was his contract, and by its terms the law must be meted out to him.

In *Taylor et al. v. Brewer*, 1 Maule & Selwyn, 290, plaintiffs founded their claim to compensation for services rendered on the resolution of a committee, providing that "such remuneration be made as shall be deemed right," and it was held that an action could not be maintained to recover compensation for such work, the meaning of the resolution being that it was

in the breast of the committee whether they were to have anything or not.

*Bush et al. v. Koll*, 2 Col. App. 48, was an action upon a written contract of employment for a year at stated wages. The contract required the servant to render good and satisfactory service. It was held that the employer had the sole right to determine the character of such service, and that his testimony that he was not satisfied was decisive, as against evidence that he ought to have been satisfied.

In *Butler v. Mill Co.*, 28 Minn. 205, under a special contract of employment, by which it was left to the defendant to determine and fix plaintiff's compensation after the services were performed, at such price and amount as under all the circumstances the defendant should think right and proper, it was held, in the absence of fraud or bad faith, that the amount fixed by the employer was the measure of the compensation to which the plaintiff was entitled. The court said: "We think the judgment, as rendered, is correct. The contract was clear and unambiguous. The stipulation that the amount of the compensation should depend upon the judgment and decision of the employer may have been an undesirable one for the plaintiff to consent to; but he nevertheless chose to accept the employment on those terms. The contract was an entirety, and of obligation in all its parts, and the law can not, after it has been executed, relieve the plaintiff from the consequences of one of its stipulations, which proves to be disadvantageous to him. That would, in effect, be making a new contract for the parties."

In *Frary v. American Rubber Company*, 52 Minn. 264, it was held that a contract employing plaintiff for a specified time to carry on defendant's business "to our satisfaction" reserved to defendant the

right to discharge plaintiff whenever it became in good faith dissatisfied with him.

In *Koehler v. Bull et al.*, 94 Mich. 496, it was said: "It is settled law that where a person contracts to do work to the satisfaction of his employer, the employer is the judge, and the question of the reasonableness of his judgment is not a question for the jury."

In *Zaleski v. Clark*, 44 Conn. 218, the plaintiff, a sculptor, made a plaster bust of the deceased husband of the defendant, under an agreement that she was not to be bound to take it unless she was satisfied with it. When it was finished she was not satisfied with it and refused to accept it. Upon a suit brought for the price of the bust the court said: "Courts of law must allow parties to make' their own contracts, and can enforce only such as they actually make. Whether the contract is wise or unwise, reasonable or unreasonable, is ordinarily an immaterial inquiry. The simple inquiry is, what is the contract? and has the plaintiff performed his part of it? In this case the plaintiff undertook to make a bust which should be satisfactory to the defendant. The case shows that she was not satisfied with it. The plaintiff has not yet then fulfilled his contract."

The same rule is announced in *Gibson v. Cranage*, 39 Mich. 49; *Brown v. Foster*, 113 Mass. 136; *McCarren v. McNulty*, 7 Gray, 139; *Campbell Printing Press Company v. Thorp et al.*, 36 Fed. Rep. 414; *Singerly v. Thayer*, 108 Pa. St. 291, and in *Tyler v. Ames*, 6 Lans. 280.

Whether plaintiff should receive the increase in salary claimed by him was a matter of contract, dependent upon certain conditions thereafter to take place with full power vested in defendant to pass upon those questions, which the petition shows were deter-

mined by defendant adversely to plaintiff's claim to the increase.

From these considerations it follows that the judgment must be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.