NEWTON G. WILLIAMS, Respondent, v. KANSAS CITY SUBURBAN BELT RAILWAY COMPANY, Appellant.

| 85 | 103 |
| 85 | 178 |
| 85 | 103 |
| 100 | 646 |

**Kansas City Court of Appeals, June 11, 1900.**

1. **Evidence: WRITTEN CONTRACT: CONSIDERATION: ORAL TESTIMONY.** A written contract of re-employment set out in the opinion is considered and it is held that parol evidence is inadmissible on the ground of showing additional consideration, since the consideration is a matter of agreement and as free from verbal attack as any other stipulation.

2. ———: ———: **SUPPLEMENTARY AGREEMENT: ORAL TESTIMONY: COMPENSATION.** Where a contract for re-employment is silent as to compensation, the law implies a reasonable sum and parol evidence is inadmissible to show a specific sum.

3. **Master and Servant: CONTRACT OF RE-EMPLOYMENT: SUSPENSION OF THE RELATION.** A review of the evidence shows that the relation of master and servant under a contract for re-employment ceased for the reason that either the improvement offered did not suit the servant's capacity or the wages were not satisfactory.

4. ———: ———: **CONSTRUCTION: DEFINITION.** A contract stipulating for re-employment would ordinarily signify that the servant was to be employed in the same capacity as before but, where the parties by their conduct put a different construction upon the contract—as by offering other positions at different compensations and rejecting and accepting the same—they will be bound by such construction.

5. ———: ———: ———: SATISFACTORY: FRAUD. A contract stipulated that re-employment should continue as long as the service proved satisfactory to the master. Held, faithful and efficient service does not necessarily meet the requirement of the contract and the master's dissatisfaction, if honest and free from fraud, though unreasonable and capricious, would justify the discharge.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson*, Judge.

REVERSED AND REMANDED.

*Trimble & Braley, W. R. Thurmond* and *Edwin Silver* for appellant.

(1) Plaintiff's own evidence shows that immediately after the execution of said release contract, defendant tendered the plaintiff his former position of railroad conductor at his old wages, and that plaintiff refused to accept it because "he couldn't do that work." A party can not recover for breach of stipulation on a contract unless he has performed all the acts on his part which were conditions precedent, and is ready to perform those which were to be concurrently performed with the acts of the defendant. Denny v. Kile, 16 Mo. 451; Beatie v. Coal Co., 56 Mo. App. 230. (2) Parol evidence was incompetent to show that it was orally agreed that plaintiff was to receive the specific sum of sixty dollars a month as wages on his re-employment. The contract, though silent as to the amount of said wages, was really not for that reason incompetent. The law implied the payment of a reasonable compensation for plaintiff's services on his re-employment. Mfg. Co. v. Jeager, 2 Mo. App. Rep. 794; s. c., 81 Mo. App. 239, and cases cited in the opinion. 1 Lawson on Rights and Remedies, sec. 245. (3) This is not a case of an inattentive recital of a consideration in a written contract, but rather of an attentive and contractual recital, and hence one not subject to change by oral evi-

dence. Harrington v. Railway, 60 Mo. App. 223; Holt v. Holt, 57 Mo. App. 272; Jackson v. Railway, 54 Mo. App. 636.

*Flournoy & Flournoy* for respondent.

(1) There is no dispute but that plaintiff, after his injury, could not, owing to that injury, fill his former position, for the reason that he could not swing on and off cars, clamber up them, throw switches, and the like. He had expressly contracted for work that he could do, and without an express contract to that effect, the law, under the circumstances of this case, would imply such an agreement. Otherwise, the settlement made in this case, would have been the mere pretense of one. Plaintiff was tendered at first, his former position, when he suggested that he could not do that work, whereupon Mr. Pickering, defendant's superintendent, acquiesced by furnishing him with other work, and thus that incident was closed. He was never asked to take that job again. (2) A contract for "re-employment" under the circumstances of this case would imply a compensation equivalent to what plaintiff was receiving before he was injured, viz., not less than $60 per month. Wallace v. Floyd, 29 Pa. St. 184; Vail v. Mfg. Co., 32 Barb. 564; Harrington v. Railway, 60 Mo. App. 223. (3) Parol evidence was competent for the purpose of showing that the agreement between plaintiff and defendant was that plaintiff was to have work he was capable of doing in his crippled condition, and that he was to be paid not less than his former wages of $60 per month. Parol evidence is competent concerning the consideration named in such a release even to the extent of contradicting it, although in this instance, it does not contradict the recited consideration but merely supplements it where it is obviously incomplete. Brown on Parol Evid., 1893, sec. 125 *et seq.*, and sec. 141; Kentucky v. Cleveland,

4 Ind. App. 171; s. c., 30 N. E. Rep. 802; Rollins v. Claybrook, 22 Mo. 405; Moss v. Green, 41 Mo. 389; Harrington v. Railway, 60 Mo. App. 223; Sayre v. Wilson, 86 Ala. 151; Freed v. Mills, 120 Ind. 27; Andrews v. Brewster, 124 N. Y. 434. (4) One issue in this case was whether or not defendant acted in good faith when it claimed at the trial to have been dissatisfied with plaintiff's work, no such complaint having been previously made. Plaintiff's instruction number 2 correctly and fully laid down the law on this issue, and defendant's instruction number 11 was erroneous in that it ignored this issue of good faith, which was the only issue on this branch of the case. Mullally v. Greenwood, 127 Mo. 138; Hydecker v. Williams, 18 N. Y. Supp. 586; Smith v. Robson, 26 N. Y. Supp. 778; Foley v. Publishing Co., 28 N. Y. Supp. 778; Grinnell v. Kiralfy, 55 Hun. 422; Mfg. Co. v. Young, 59 Ill. App. 226; Singerly v. Thayer, 108 Pa. St. 291. (5) It is true that ordinarily a contract for employment for an indefinite period is terminable at the will of either party, but, in this respect, a contract made under the circumstances of this one, viz., in release of an action for damages for personal injuries is construed differently. This contract amounted to one for permanent or life employment and plaintiff's instruction on the measure of damages was correct. Harrington v. Railway, 60 Mo. App. 223; Penn. Co. v. Dolan, 6 Ind. App. 109; s. c., 32 N. E. Rep. 806; Pierce v. Coal Co., 173 U. S. 1; Boland v. Quarry Co., 127 Mo. 520; Halsey v. Meinrath, 54 Mo. App. 335; Wood on Master and Servant, p. 249.

ELLISON, J.—The plaintiff instituted this action for damages alleged to have accrued to him by reason of a breach of contract made by him with defendant. Plaintiff prevailed in the trial court.

The record discloses that plaintiff was an employee of

defendant as conductor on one of its trains. He received personal injury while so employed and claimed that defendant was liable to him therefor in damages. Afterwards the matter was adjusted and settled between the parties, the following written agreement being made:

"Know all men by these presents: That, whereas, the undersigned, N. G. Williams, claims to have been injured by the Kansas City Suburban Belt Railroad Company; and, whereas, it is desirable to settle for said injury, and all controversies and claims that the said N. G. Williams may have against said Kansas City Suburban Belt Railroad Company.

"Now, therefore, in consideration of the sum of two hundred dollars ($200) in hand paid to the undersigned, the receipt of which is hereby acknowledged, the said controversy is hereby settled; and for the further consideration of re-employment by said railroad company, so long as the service of said N. G. Williams shall prove satisfactory to said railroad company, the undersigned does hereby release and forever discharge the said railroad company, its successors and assigns and its officers, agents and employees, of and from any and all liability for any claim arising out of or connected with any injury received by said N. G. Williams on the eighth day of December, 1897, at or near ————— county, state of ————— while in the employ of said railroad company."

Plaintiff contended at the trial, and still insists, that this writing does not contain the complete contract. That it is incomplete on its face in that it does not state the monthly wages which he was to receive in his re-employment. The trial court took that view and admitted evidence over defendant's protest that the further verbal agreement was that plaintiff was to receive $60 per month, and gave instructions in the same line.

1. Plaintiff's position may be considered in two views:

one, that the oral evidence heard at the trial was merely showing an additional consideration; and the other, that such evidence was for the purpose of making complete, or supplementing an incomplete written contract. In our opinion, neither view is sound when applied to the contract in question. While the written recital of a consideration may be varied by parol evidence, it can not be so varied or altered when it has been made a matter of contract. This for the reason, that a party has the same right to contract as to the consideration of his agreement as he has to any other provision. When he does so contract the consideration is just as free from verbal attack as any other stipulation. This question was discussed at length in Jackson v. Railway, 54 Mo. App. 636, and has been approvingly referred to several times since. Hickman v. Hickman, 55 Mo. App. 303; Holt v. Holt, 57 Mo. App. 272; Harrington v. Railway, 60 Mo. App. 223. The agreement in this case shows so plainly that the consideration was made a matter of contract, that it may be dismissed with simply a reference to its terms.

2. We do not regard the contract as incomplete. It is true that it provides for employment and is silent as to compensation. But in such case the law implies a reasonable sum will be paid. The contract is considered as stipulating for a reasonable compensation and parol evidence is not admissible to show a specific sum. Blake Mfg. Co. v. Jeager, 81 Mo. App. 239; Mfg. Co. v. Lumber Co., 81 Mo. App. 255; The Delamare, 14 Wallace 579.

3. It will be noticed that by the terms of the contract plaintiff was to be re-employed by defendant for a term so long as his services should prove satisfactory to the defendant. The facts shown are that plaintiff was offered different sorts of employment which he rejected as being beyond his physical capacity. That finally he accepted a position and per-

formed service as "pilot" for a period of about five months, when he was suspended for ten days for a mistake in letting a train in on a switch. On the expiration of the ten days he again applied for work, but no place was found, or, at least, offered, which he deemed himself capable of filling. He refused one or more that were offered to him. The record is not satisfactory as to why plaintiff quit defendant's service. It seems he was not discharged, but rather that his service ceased for the reason that either the employment offered did not suit him, or if such as he felt able to perform, the wages were not satisfactory.

4. In this condition of the record it may be of advantage at another trial that our views on matters likely to arise be known. The contract stipulates for "re-employment." Ordinarily, this word would signify that he was to be employed in the same capacity. He had been a conductor before his injury and re-employment would mean that he was to be again employed as a conductor. Certainly no one would suppose the word "re-employment" would justify an offer of employment in some other service distinct from that of a railroad. If the service contemplated is railroad service, then there is no reason for stating that it should not be the particular service in which he had been employed. Re-employment, in the absence of anything explanatory, is to employ again in the same line and department of service in which he had been employed. So doubtless in this view, defendant immediately offered plaintiff the place he had before occupied. But plaintiff refused it on the ground that his physical condition resulting from his injury was such that he could not perform its duties. He was then offered other positions at different compensations and finally accepted, as before stated, that of "pilot," the duties of which consisted in letting trains in and out at a place where there were several switches, at a lower rate of wages than he had

received as conductor. Since the parties themselves adopted as a construction of the contract that the re-employment might consist of an employment in the same general service of a railroad employee, but in a different department, we are inclined to adopt that construction. Sedalia Brewing Co. v. Sedalia Water Works, 34 Mo. App. 49.

5. This then brings us to a consideration of the true meaning and construction of the contract. It was agreed that he should be employed so long as his service should prove "satisfactory" to defendant. Service under any employment should be faithful and efficient, but this, by the terms of the agreement, must also be satisfactory to the employer. In other words, faithful and efficient service does not necessarily meet the requirement of the contract. Therefore, defendant would have a right to dispense with plaintiff's services if they were not satisfactory to it, even though the dissatisfaction was unreasonable and capricious. But the dissatisfaction should be honestly entertained and should not justify a discharge conceived in deceit and fraud. If the work was, in defendant's view, satisfactorily performed, then it had no right to falsely and fraudulently, merely for the willful purpose of breaking its contract, assert that it was not satisfactory. The law, under this contract, can not protect plaintiff against defendant's unreasonableness or caprice, but it should protect him against a willful fraud.

"It is settled law that where a person contracts to do work to the satisfaction of his employer, the employer is the judge, and the question of the reasonableness of his judgment is not a question for the jury." Koehler v. Bull, 94 Mich 496; Frary v. Rubber Co., 52 Minn. 264; Brown v. Foster, 113 Mass. 136. These cases are cited with approval in Blaine v. Knapp, 140 Mo. 241, an interesting case not like the present in its facts, but is believed, nevertheless, to fully sustain the view we have asserted. The same rule is an-

nounced in Singerly v. Thayer, 108 Pa. St. 291, except that it is said in that case the employer can not justify a discharge made in fraud, or caprice. The latter word may have been inadvertently used by the learned judge who wrote the opinion. But be that as it may, we think, under the authorities on this question, that fraud alone as above explained, is the only motive which should disallow a discharge on account of dissatisfaction. To admit any other motive would open the door to inquiry into the reasonableness of the employer's action, and would lead to complicated inquiry resulting, often in the destruction of the contract.

The judgment must be reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.