McCORMICK MACHINE COMPANY, Plaintiff in Error, v. DOGGETT HARDWARE COMPANY, Defendant in Error.

85   175
100   646

Kansas City Court of Appeals, June 18, 1900.

1. Contracts: DECISIONS OF ONE PARTY: CONSTRUCTION. A contract between a harvesting company and its agent, providing if the company at settlement found any note doubtful or worthless at the time of sale, then the same is to be replaced, etc., did not confer on the company the absolute right to reject a note that was undoubtedly good, but required the company to keep within the bounds of reason in reaching a decision.

2. ————: ————: AGREEMENT: INSTRUCTION. If on a settlement between the company and the agent under the above contract, it is agreed that a certain note was doubtful, it does not concern a jury trying the liability of the agent for that note whether such note was in fact doubtful or not, and it is error to submit its doubtfulness to the jury.

Machine Co. v. Hardware Co.

3. ———: DEFINITIONS: DOUBTFUL NOTE: SOLVENT. A doubtful note is neither certainly good nor certainly bad, but may be either, and that the maker was solvent at the time he gave the note will not necessarily relieve it of its doubtfulness.

4. ———: DOUBTFUL NOTE: SOLVENT MAKERS: INSTRUC-TIONS. Instructions relating to doubtful notes and solvent makers are criticised, and suggestions as to their improvement made.

Error to the Linn Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED AND REMANDED.

*G. W. Bailey, C. K. Hart* and *O. F. Libby* for plaintiff in error.

(1) Plaintiff in error submits that the plain printed terms of the contract entered into by plaintiff in error through its general agent, and defendant in error through its secretary, governs and controls the issues in this case. 2 Parsons' Contracts (3 Ed.), sec. 5, p. 34; see, also, sec. 1, p. 4, *supra*; Dobbins v. Edmonds, 18 Mo. App. 307. (2) When the plain meaning of a contract is to be obtained from its terms, courts will not permit it to be construed contrary to its obvious meaning. 2 Parsons' Contracts (3 Ed.), sec. 2, p. 7; Rubey v. Forcht, 21 Mo. App. 159; Weil v. Schwartz, 21 Mo. App. 372. (3) The instructions for the defendant in error construe and submit to the jury an issue that from the terms of the contract was to be determined by plaintiff in error or its general agent. This was error as plaintiff in error believes. Goldman v. Wolff, 6 Mo. App. 490.

*J. A. Arbuthnot* and *A. W. Mullins* for defendant in error.

(1) It will appear that the case was well tried and no error affecting the rights of the plaintiff committed by the

circuit court. W. J. Dickey, the man who acted for the plaintiff company in refusing the McCune notes (as also another note afterwards paid), testified that he was "a traveling salesman for plaintiff." He did not state or show that he was an "authorized general agent," mentioned in the contract between the plaintiff and defendant, with the power to reject the McCune notes. And this traveling salesman testified that he did not know what property McCune owned when he bought the machine and gave the notes. This agent for plaintiff had no right to arbitrarily or by mere caprice refuse to accept the McCune notes and require the defendant to pay the cash for them. It was a proper question for the jury to pass on and find whether or not the notes were "doubtful or worthless" when the machine was sold and the notes given. Mullally v. Greenwood, 127 Mo. 138.

ELLISON, J.—Defendants were agents of plaintiff in the sale of harvesting machines manufactured by plaintiff. These parties entered into a written agreement as to such agency. That part here involved is as follows:

"And it is further agreed in case the said McCormick Harvesting Machine Company or their authorized general agent find that any note taken and passed upon at settlement was doubtful or worthless at time of sale, then the said agent shall take said note and replace it with cash or notes secured by good and responsible parties that shall be acceptable to said company or their general agent."

Defendants, on June 18, 1894, sold a machine to J. V. McCune for $125 and took his notes therefor. Afterwards on settlement between plaintiff's agent and defendants, the McCune notes were declared to be unsatisfactory to the plaintiff, and defendants thereupon agreed to get them secured. The notes were not secured and were not paid.

Plaintiff then brought this action before a justice of the peace and obtained judgment, but on appeal to the circuit court the judgment was for defendants.

The record shows two theories upon which plaintiff endeavored to defeat the defendants. One was that plaintiff was to be the absolute judge whether the notes taken for the machines were doubtful or worthless. We reject this theory. There are two classes of cases in which one party to the contract has the right of decision. One is where he may decide for himself absolutely however unreasonable his decision may be. He need only be honest. Williams v. Railway 85 Mo. App. 103; Blaine v. Knapp, 140 Mo. 241. The other class is where his decision must be within the bounds of reason, as for instance, if the contract is to furnish a satisfactory title to the purchaser, the latter will not be permitted to arbitrarily and capriciously reject a title offered. The most that can be said of this case is that it belongs to the latter class. The contract in controversy provides that if the plaintiff shall "find that any note taken and passed upon at settlement was doubtful or worthless at time of sale," etc. There is nothing in this provision to indicate that plaintiff had the right, arbitrarily to reject a note that was undoubtedly good.

But the evidence shows that on a settlement between plaintiff's agent and these defendants it was agreed that the McCune notes were not of the kind contracted for and defendants were to get them secured. If such was the case plaintiff is entitled to a judgment. An instruction to this effect was asked and refused. It was qualified by the court adding thereto a proviso that the jury must believe the notes were doubtful or worthless. If the parties agreed on that proposition it need not concern the jury whether they were or not.

We are not fully satisfied with the phraseology of the in-

structions. The contract is that plaintiff had the right to reject the notes if they were either doubtful or worthless. Now the mere fact that McCune was "solvent" when the notes were given, that is, that he had property which was worth the amount of his indebtedness, does not necessarily establish that the note was not "doubtful" in the sense of the contract. Doubtful means that the note was neither certainly good nor certainly bad, but that it might be either. It seems to have been assumed in this case that if defendants could barely show that McCune had property, the value of which would pay his debts if applied thereon, then his note was not doubtful. This does not follow. The character of the property might be such as to show it was not available, or that it was perishable, and the like. We will not say that the evidence of McCune's solvency was not sufficient to submit that issue to the jury, but it was not of a satisfactory the right to demand notes which were undoubtedly good. It seems the time was the month of June and that his principal property was a growing crop of corn, wheat, oats and timothy, grown on rented premises and presumably subject to landlord's lien. These were valued at a price which, considering the crop was unmatured, was so high as to indicate a hope frequently not realized in that section of the state. Growing corn at four, wheat at eight, timothy at nine and oats at ten dollars an acre, is, after allowing for the hazard of drought, insects and storm, as well as for the expense and risk of harvesting, a price which must indicate an extraordinary local demand, or else a marvelous productiveness of soil. One of the instructions for defendants based on that evidence practically informed the jury that the ownership of such property in such circumstances, made McCune solvent; the strong inference being that his note was not doubtful.

Baker v. Independence.

On retrial instructions should be given (with any others that may be proper) embracing the following idea:

The contract gave plaintiff the privilege of rejecting a note which it considered doubtful. That is, plaintiff had the right to demand notes which were undoubtedly good. And it does not follow from mere solvency of the makers that the notes were of that character. And that if the parties themselves agreed that the notes were not undoubtedly good and defendants were to get them secured and have not done so plaintiff should recover.

The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.