HAROLD F. McCORMICK, Appellant, v. C. T.
FINCH, Respondent.

**Kansas City Court of Appeals, June 8, 1903.**

**Sales:** CONSTRUCTION OF CONTRACT: SATISFACTION OF VEN-
DEE: EVIDENCE. A contract selling a corn-binder is held to
mean that the machine should be satisfactory to the purchaser or
he was not required to keep it; and on the evidence he is held to
have complied with the conditions of the contract authorizing him
to return the machine and relieve him from the payment of the pur-
chase price.

Appeal from Vernon Circuit Court.—*Hon. H. C. Tim-*
*monds,* Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

(1)   The provisions of the contract of warranty
in the contract of sale did not mean that the machine in
controversy had to be satisfactory to the defendant;
it simply meant that the same should work satisfactorily
to a reasonable and fair-minded man.   Metal Co. v.
Best, 14 Mo. App. 502; Clark v. Rice, 9 N. W. 427.
(2)   The law is well settled in this State that where a
party rescinds a contract, or is a vendee in a conditional
sale, where by the terms of the contract he agrees to
return the article to the vendor, an unconditional ten-
der or return of said article is necessary in order to
make good the rescission or comply with such terms of
the conditional contract, and such return must be made
immediately if the contract so provides and otherwise
in a reasonable time.   Walls v. Gates, 4 Mo. App. 1.;
Tower v. Pauly, 51 Mo. App. 75; Armstrong, etc., Co.
v. Johnson Tobacco Co., 41 Mo. App. 254.

*M. T. January* for respondent.

(1)   Parties to a contract may agree to leave the determination of any matter relating thereto to a third party, and his decision in the absence of fraud is binding.   Chapman v. Railroad, 114 Mo. 542.   (2)   For the same reason such decision may be left to the other party himself.   When an article sold is to be paid for if buyer is satisfied, he is the sole judge, and if really dissatisfied may refuse to take it.   1 Beach on Modern Law of Contracts, sec. 105.   (3)   In a sale on approval, it is not necessary either to return or offer to return the article sold.   It is only necessary to notify the vendor of dissatisfaction in order to rescind, unless it is a part of the contract to return the article after trial.   Esterly v. Campbell, 44 Mo. App. 621.   (4)   A return, or even a tender, is unnecessary when it is evident it would be useless.   Harwood v. Deemer, 41 Mo. App. 48.

SMITH, P. J.—The defendant purchased of the McCormick Harvesting Machine Company a *corn-binder* for which he executed to the latter the three promissory notes sued on, and of which plaintiff has become the owner by assignment.   Such latter, the machine company, at the time of the sale and purchase, entered into a contract with defendant to the effect that: "   .   .   .   If machine gives satisfaction, and if not will not take it.   .   .   .   This machine is warranted to be well made, of good material, and durable with proper care.   If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order.   If it can not then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded.   Continuous use of the machine, or use at intervals through harvest

time, or failure to notify the McCormick Harvesting Machine Company, or their agent, or to return the machine as agreed, shall be deemed an acceptance of the machine by the undersigned.''

The defendant by his answer pleaded said contract and that he had tried said machine and it had failed to perform the work for which it was purchased; that it was of no value for any purpose; that he was dissatisfied with it; that he had offered to return it, etc. The replication was a general denial. There was a trial which resulted in judgment for the defendant and plaintiff appealed.

The appealing plaintiff complains of the action of the trial court in giving the defendant's fourth instruction, which told the jury that the ''defendant had the right, under his contract of purchase of said machine, to refuse to keep and pay for it, if he was not satisfied with it. If therefore you believe from the evidence that defendant was dissatisfied with it and his dissatisfaction was not feigned, but was real and honest, no matter whether his reasons for being dissatisfied were, in the opinion of the jury, good or bad; and that within a reasonable time after trial in the year 1900 defendant notified the agent of the McCormick Harvesting Machine Company that he was not satisfied with it, and offered to return it, your verdict should be for defendant. On the other hand, if you shall believe from the evidence that said machine did give satisfaction to the defendant, then you should return a verdict in favor of plaintiff for full amount due on the notes sued on.''

By the express terms of the contract the machine was to give satisfaction, otherwise the defendant was not required to keep it. It is true that there was a further provision that if upon one day's trial it should not work well the defendant should give immediate notice to the machine company, or its agent, and to allow time to put it in order, and that if it could not then be made to work well, the purchaser should return it, etc.

The evidence shows that the defendant notified the machine company that on trial said machine did not work well, and that the latter sent an agent to make it do so, but as to whether after all he succeeded, such evidence is quite conflicting. It does show, however, that defendant from the time he first tried the machine until he declined to have anything further to do with it was insistent that it was not satisfactory, and the notes given for the purchase price should be returned. No one can read the contract and give to the words thereof their ordinary meaning, without understanding that something more was required than that the machine should work well before the defendant was bound to keep and pay for it. He was not bound to do so unless it gave satisfaction to him.

Suppose there is a choice between machines for cutting corn that work well. It may be that one which will work well may at the same time be heavier than another, or have more side draught than another, or it may be so geared as to require much more power to propel it than another, or its machinery may be complicated and so constructed as to easily get out of repair, or require greater skill and care in operating it than is at the purchaser's command. How can it be said that although it worked well, nevertheless it may not fail to give satisfaction? Or why should it be said where a bargainer has reserved the right to elect whether he be fully pleased or not, that he is bound to be pleased if another reasonable or intelligent man is pleased with the work of such machine?

It seems to us that under the contract the defendant had an option to accept or reject the machine, accordingly as it gave him satisfaction or not. We may quote as applicable here what was said in Wood R. & M. Machine Co. v. Smith, 50 Mich. 565, which was: "The cases where the parties provide that the promisor is to be satisfied, or to that effect, are of two classes; and whether the particular case at any time falls within the

one or the other must depend on the special circumstances and the question must be one of construction. In the one class the right of decision is completely reserved to the promisor and without being liable to disclose reasons or account for his course, and a right to inquire into the grounds of his action and overhaul his determination is absolutely excluded from the promisee and from all tribunals. It is sufficient for the result that he willed it. The law regards the parties as competent to contract in that manner, and if the facts are sufficient to show that they did so, their stipulation is the law of the case. The promisee is excluded from setting up any claim for remuneration, and is likewise debarred from questioning the grounds of decision on the part of the promisor, or the fitness or propriety of the decision itself. The cases of this class are generally such as involve the feelings, taste or sensibility of the promisor, and not those gross considerations of operative fitness or mechanical utility which are capable of being seen and appreciated by others. But this is not always so. It sometimes happens that the right is fully reserved where it is the chief ground, if not the only one, that the party is determined to preserve an unqualified option, and is not willing to leave his freedom of choice exposed to any contention or subject to any contingency. He is resolved to permit no right in any one else to judge for him or to pass on the wisdom or unwisdom, the justice or injustice, of his action. Such is his will. He will not enter into any bargain except upon the condition of reserving the power to do what others might regard as unreasonable. The following cases sufficiently illustrate the instances of the first class: Gibson v. Cranage, 39 Mich. 49; Taylor v. Brewer, 1 M. & S. 290; McCarren v. McNulty, 7 Gray 139; Brown v. Foster, 113 Mass. 136; Zaleski v. Clark, 44 Conn. 218; Rossiter v. Cooper, 33 Vt. 522; Hart v. Hart, 22 Barb. 606; Tyler v. Ames, 6 Lans. 280. In the other class, the promisor is supposed to undertake

that he will act reasonably and fair, and found his determination on grounds which are just and sensible, and from thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial triers. Among the cases applicable to this class are Daggett v. Johnson, 49 Vt. 345; and Hartford Sorghum Mfg. Co. v. Brush, 43 Vt. 528.''

A proper construction of this contract brings it within the first class of such contracts. Mfg. Co. v. Ellis, 68 Mich. 101; Platt v. Broderick, 70 Mich. 577; McCormick Machine Co. v. Cochran, 64 Mich. 636.

The defendant's evidence tended to prove that the machine company endeavored, in both the season that defendant purchased the machine and in that following, to make the machine work well and give satisfaction, and after it had failed to do so, he offered to return it; but the agent of the machine company declined to accept it, saying that he would have nothing further to do with it. Defendant could do no more in that direction. The giving of the defendant's instruction is fully justified by the great weight of pertinent authority. Blaine v. Knapp, 140 Mo. 241; Williams v. Railroad, 85 Mo. App. l. c., 110; Machine Co. v. Hardware Co., 85 Mo. App. 178; Campbell Printing Press Co. v. Thorp, 36 Fed. 414, and the cases there cited. The instruction fairly and fully submitted the entire case to the jury. The plaintiff's instructions requested the submission upon what we think was an erroneous theory, and they were therefore properly refused. The case cited by plaintiff from 14 Mo. App. 502, we do not think applicable here.

No reason is perceived for disturbing the judgment, which will accordingly be affirmed. All concur.