ALFRED BUTSCH, Respondent, v. EMERSON-BRANTINGHAM IMPLEMENT COMPANY, Appellant.

### St. Louis Court of Appeals, June 6, 1917.

1. **MASTER AND SERVANT: Employment Contract: Validity of Reservation of Right to Terminate.** A stipulation in an employment contract, that it may be cancelled at any time by the employer, if the services are not satisfactory to him, is valid, unless tainted with fraud, and, under it, the right of determining whether the services are satisfactory is exclusively left to the employer, without liability to disclose his reasons.

2. ————: ————: ————. When, under such a contract, the question arises, not as to whether the employer ought to have been satisfied, or for what reason he may have made up his mind that he was dissatisfied, with the employee's work, but whether or not, in point of fact, at the time he discharged the employee, he did so because he was not satisfied with the work of the employee, or for some other reason, the question should be submitted to the jury.

*Held,* by ALLEN, J., concurring, that if, where such a contract exists, the employer is in fact dissatisfied with the services of the employee and discharges him, the jury cannot be per-

mitted to find that the employer ought to have been satisfied; but if there is evidence tending to show that, in point of fact, the employer was at the time satisfied, his later assertions to the contrary, when sued upon the contract, do not conclude the matter.

3. ———: ———: Right to Terminate: Sufficiency of Evidence. In an action by a servant for wrongful discharge, defended on the ground that plaintiff's services were unsatisfactory to defendant, within a provision of the employment contract, that it was subject to cancellation by the employer if the services were unsatisfactory to him, evidence *held* sufficient to warrant a finding that plaintiff was not discharged because his services were not satisfactory to defendant, making the question of liability one for the jury.

4. ———: ———: ———: Instructions: Harmless Error. In such case, an instruction, directing a verdict for plaintiff, if the jury found that plaintiff was discharged and further found that the services rendered by him under the contract were satisfactory to defendant, was erroneous because of its failure to require a finding that plaintiff was discharged for some reason other than that his services were not satisfactory to defendant; but, since the jury were by the instruction required to find that plaintiff's services were satisfactory to defendant, it necessarily follows that plaintiff was not discharged because his services were unsatisfactory, and in view of this fact and the further fact that another instruction charged the jury, that if defendant was dissatisfied with plaintiff's services, he had the right to discharge him, the error was not prejudicial to defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*Leahy, Saunders & Barth* for appellant.

(1)   The contract of employment provided for cancellation if employee's services were not satisfactory to employer. In the absence of willful fraud the employer, appellant, had the absolute right to discharge employee, respondent, even though the dissatisfaction is capricious or unreasonable. Blaine v. Publishers George Knapp & Co., 140 Mo. 241; Williams v. K. C., S. B. Ry. Co., 85 Mo. App. 103; Walker v Grout Brothers Automobile

Co., 124 Mo. App. 628; Wood Reaping & Mowing Machine Company v. Smith, 50 Mich. 565; Walker case, 124 Mo. App. 640; I Labatt's Master and Servant (2 Ed.), 197, page 615; Elliott on Contracts, secs. 1603 and 1605. (2) The court erred in the instructions in submitting to the jury purely a question of law—namely, whether or not the employer (appellant) was dissatisfied with the services of the employee (respondent). This question of law must be determined by the court and cannot be shifted to the jury. (3) The court erred in the instructions in submitting to the jury the question of dissatisfaction and not defining or explaining it in any manner, and not even limiting it to the question of willful fraud, as the sole ground on which the employer might not break the contract. The court did not instruct the jury (which was required in any event) that appellant had the right to discharge respondent, even though the dissatisfaction was unreasonable or capricious. Williams case, supra, 85 Mo. App. 110; Walker case, supra, 124 Mo. App. 638, citing the case of Kendall v. West, 196 Ill. 221, 639; Koehler v. Buhl, 94 Mich. 496; Frary v. American Rubber Co., 52 Minn. 264; The Blaine case, supra, 140 Mo. 241, 641; The Smith case, 50 Mich. 569-70.

*Joseph Kane* and *Holland, Rutledge & Lashly* for respondent.

(1) Even if it be conceded that defendant had a right to discharge plaintiff, if his services were unsatisfactory, and even conceding that the defendant was the judge of what the word "satisfactory" meant, still it is a question for the jury to determine whether or not plaintiff had been discharged because his services were not satisfactory or whether he was discharged for some other reason. American Music Stores v. Kussel, 232 Fed. 306; Manning v. School Dist., 124 Wis. 84; Exhaust Ventilator Co. v. Chicago M. & St. Paul Ry. Co., 66 Wis. 218. (2) The testimony raises a clear issue on the question of discharge. Plaintiff's evidence demonstrates that the discharge by defendant was for the purpose of

reducing its expenses and the defendant's testimony, while admitting that this was one of the grounds for discharge, claimed that the services were unsatisfactory, although no mention of this fact was made to plaintiff until after suit was filed. (3) To claim that plaintiff was discharged because his services were not satisfactory, when as a matter of fact he was discharged for another reason, raises a question of fraud for which plaintiff is entitled to relief, and upon which the jury is entitled to pass and because of which the court is bound to overrule the demurrer to the evidence. American Music Stores v. Kussel, 232 Fed. 306; Williams v. Railroad Co., 83 Mo. App. 103; Gilman v. Lamson Co., 234 Fed. 507.

BECKER, J.—This case originated in a justice of the peace court, and is a suit for damages alleged to have been sustained by defendant wrongfully discharging plaintiff under a contract of employment. On a trial before a judge and jury, a verdict and judgment were rendered in favor of plaintiff and against defendant, in the sum of $371.32. Defendant appeals.

The amended statement alleges that the defendant is a corporation, and that some time in November, 1912, it employed the plaintiff as a traveling salesman, credit man, and adjuster, at a stated salary, and that the contract was to continue until the 31st day of October, 1913. Plaintiff alleges that he duly performed all the conditions of the contract on his part to be performed, but that defendant failed to perform its part of the agreement, in that, without cause, it wrongfully discharged the plaintiff on the 11th day of June, 1913, to plaintiff's damage in the sum of $371.31. The defendant filed no written pleading.

It is not necessary to set forth the entire written contract of employment. It is sufficient to state that it contains the following clause:

"This contract may be canceled by you at any time for my incompetency, dissipation, misconduct, violation

of your instruction, or in the event my services are not satisfactory to you."

Plaintiff testified that on the 11th day of June, 1913, after he had been in the employ of defendant company some seven or eight months, he was called to the office of Mr. Barry, who was at that time the assistant branch house manager of the defendant corporation, and told by him that his services would no longer be required; that Mr. Jackson, the assistant manager of the company, had been down from Rockford, Ill., and had insisted on a reduction in the expenses of the St. Louis office, and for that reason they were going to let out quite a number of people, including plaintiff. Plaintiff testified he later on saw Mr. Murphy, who was the branch house manager of the corporation, who told plaintiff practically the same thing and added:

"Your services have always been entirely satisfactory to me; as far as I know I don't know anything to the contrary."

Mr. Murphy, the branch house manager of the company, was a witness for the plaintiff. He testified that a few days before the 11th day of June, 1913, the day upon which plaintiff was discharged, Mr. Jackson, who was the assistant house manager of the company, with his office at Rockford, Ill., came to St. Louis and had a conference with the witness, and it was definitely decided that the plaintiff and several other of the employees would be laid off. He was asked:

"Q. For what reason? A. To cut down expenses, Mr. Jackson said. Q. That is what Mr. Jackson said; to cut down expenses? Mr. Jackson did not complain of the services of Mr. Butsch? A. He said there had been some complaint; that Mr. Barry and Mr. Arant, the credit man, were dissatisfied with his work. . . ."

The witness was asked what occured between the witness and Mr. Butsch regarding this matter, and he answered:

"He asked me for a letter of recommendation as to whether his services were satisfactory; I told him they were, and that I would give him the letter, but later

on in the day—rather it happened that some trouble developed between him and Mr. Barry, and I later told him that under the circumstances I could not give him the letter; that I felt that it might militate against the company if I would give a letter of recommendation. Q. Did he ask you about his services, whether they were satisfactory or not? A. Yes, sir. Q. What did you tell him? A. I told him they were. . . . Q. How many employees were let out at this time? A. As I remember six or seven men and three lady stenographers.''

He admitted, on cross-examination, that there had been some complaint made of plaintiff's services; that Mr. Jackson had complained of the services of Mr. Butsch, and that he had furthermore been told by Mr. Jackson that Mr. Barry and Mr. Arant, the credit man, were dissatisfied with plaintiff's work.

On behalf of the defendant, Mr. Barry, the credit manager of the said corporation, testified that Mr. Arant, the credit man, had not been satisfied with Mr. Butsch's work, and detailed several incidents of which Arant had complained. Mr. Arant, the credit manager for the defendant company, testified that the services of Mr. Butsch were not satisfactory to him or to the company; that he was not satisfied with the manner in which he had handled the account of one Meyers, also the fact that he was not satisfied with plaintiff's handling of credits because he did not go into the affairs of the customers as he felt Mr. Butsch should before making shipments to customers. Also that he was dissatisfied with plaintiff, in that, in his correspondence, plaintiff did not show a disposition to be guided by the recommendations of the home office credit department with reference to handling of credits and collections. Further, that while one of the rules of the company required that a property statement signed by the customer be obtained in each case, the plaintiff had refused, in the case of Meyers' account, to be guided by that rule.

Mr. Jackson testified that he was the assistant domestic trade manager at the time plaintiff was in their employ, and corroborated the testimony of Barry and

Arant, and stated that Arant had complained to him of plaintiff's services, and that his complaint was along general lines, applying one criticism to the Meyers' account, and another possibly to the Evers' account, and that Arant had expressed himself very much dissatisfied with his general work.

I. Plaintiff voluntarily assumed the obligation and the risk of this contract of employment, which provided:

"This contract may be canceled at any time . . . in the event my services are not satisfactory to you."

The right of determining whether plaintiff's services were satisfactory was thus exclusively left to the employer.

Stipulations of this character in contracts of employment have been universally upheld, where they are free from the taint of fraud. And where we find such a provision in the contract we cannot presume the contract would have been made without such a provision or on any other terms. We hold this contract clearly falls within that class of cases in which the right of decision is completely reserved to the employer, and that, too, without the employer being liable to disclose his reasons. [Blaine v. Knapp, 140 Mo. 241, 41 S. W. 787. See, also, Williams v. K. C., S. B. Ry. Co., 85 Mo. App. 103, loc. cit. 110, 111; Walker v. Grout Bros. Automobile Co., 124 Mo. App. 628, loc. cit, 635 to 642, 102 S. W. 25; 1 Labatt's Master & Servant (2 Ed.), sec. 197, p. 615; Elliott on Contracts, secs. 1603, 1605.]

II. When we come to consider appellant's assignment of error that the trial court erred in submitting the case to the jury, we find, on an examination of the record, substantial evidence adduced on behalf of the plaintiff tending to prove that the defendant discharged plaintiff, not because plaintiff's services were "not satisfactory" to defendant, but for the purpose of reducing its expenses. A question of fact was thereby raised as to whether plaintiff was in point of fact discharged by the defendant because his services were not satisfactory

or whether plaintiff was discharged by the defendant for the purpose of reducing its expenses. This issue the court properly submitted to the jury.

As stated above, where the employer under a contract of employment such as we find in the instant case had the sole right to determine the character of the employee's services, and he discharges the employee because he is dissatisfied with the employee's services, then the question as to whether he ought to have been satisfied cannot be submitted to the jury. [Bush et al. v. Koll, 2 Colo. App. 48, 29 Pac. 919.]

As was said in Koehler v. Buhl et al., 94 Mich. 496, 54 N.W. 157:

"It is settled law that, where a person contracts to do work to the satisfaction of his employer, the employer is the judge, and the question of the reasonableness of his judgment is not a question for the jury."

But when, as in the case at bar, the question arises, not as to whether the employer ought to have been satisfied or for what reasons the employer may have made up his mind that he was dissatisfied with the employee's work, but whether or not, in point of fact, at the time he discharged the employee he did so because he was not satisfied with the work of the employee, or discharged him for some other reason, the question should be submitted to the jury.

The trial court properly overruled the demurrers to the evidence offered at the close of plaintiff's testimony in chief, and at the close of the entire case.

III. Instruction No. 1, given to the jury by the court, is complained of by the appellant as containing prejudicial error, in that it submitted to the jury purely a question of law, namely, whether or not the employer was dissatisfied with the services of the employee. We set out instructions Nos. 1 and 2, they are as follows:

"(1)  The court instructs the jury that if it believes and finds from the evidence that the plaintiff was employed by the defendant as a traveling salesman, credit man, adjuster, and collector for a period commenc-

ing November 25, 1912, to continue until October 31, 1913, at a salary af $110 a month from the 25th of November, 1912, until the 31st day of May, 1913, and $125 per month from the 1st day of June until the 31st day of October, 1913; and if you further find that the plaintiff performed the services required of him to be performed in the contract, was competent, did not dissipate, was not guilty of misconduct, did not violate his instructions, and was ready and willing at all times to perform the services required of him by the terms of said contract; *and if you find that the services of the said plaintiff so rendered by him, if you find he did so render services under said contract, were to the satisfaction of the defendant* (italics ours) ; and if you further find that the said plaintiff was, on the 11th day of June, 1913, discharged by the said defendant—then in that event you will find in favor of the plaintiff and against the defendant.''

'' (2) The court instructs the jury that if they believe and find from the evidence in this case that on the 11th day of June, 1913, *the defendant was dissatisfied with the services rendered defendant by plaintiff under the terms of the contract* (italics ours),.then defendant had a right to discharge the plaintiff, notwithstanding you may further ·believe from the evidence that the defendant's dissatisfaction was not the result of incompetency, dissipation, misconduct, violation of instructions, unwillingness or unreadiness at all times to perform the services required of him as set out in said contract on the part of the plaintiff.''

That portion of instruction No. 1 which we have placed in·italics is properly subject to criticism, in the light of the testimony in this case. Instead, the jury should have been instructed that, if they found and believed from the evidence that the plaintiff rendered services under said contract, and they further found that the said plaintiff was, on the 11th day of June, 1913, discharged by the defendant for some other reason than that his services were not satisfactory to the defendant, then in that event they should find in favor of plaintiff and against the defendant.

In considering whether this error was prejudicial or not we must remember that if the jury found for the plaintiff under this instruction, they must necessarily have believed from the evidence that the defendant was satisfied with plaintiff's services at the time it discharged the plaintiff. The jury having so found, it naturally follows that the defendant in discharging plaintiff discharged him for some reason other than that defendant was "not satisfied" with plaintiff's work. The instruction, while erroneous in the manner above indicated, was not prejudicial to the defendant, and we so hold, particularly in view of instruction No. 2.

Finding no reversible error in the record, the judgment is affirmed. *Reynolds, P. J.,* concurs, and *Allen, J.,* concurs in separate opinion.

## CONCURRING OPINION.

ALLEN, J.—In concurring in affirming the judgment herein, I desire to say that I think that the question whether or not plaintiff's services were actually satisfactory to defendant was one of fact for the jury. If, where such a contract exists, the employer is in fact dissatisfied with the services of the employee and discharges the latter, the jury cannot be permitted to find that the employer ought to have been satisfied; but if there is evidence tending to show that in point of fact the employer was at the time satisfied, his later assertions to the contrary, when sued upon the contract, do not conclude the matter.

I think that the plaintiff made out a case for the jury, and I do not regard plaintiff's first instruction as erroneous. If the jury found that the services "were to the satisfaction of defendant," it follows that they found defendant did not discharge plaintiff because of dissatisfaction, but upon some other ground.