## J. GEORGE LEYNER ENGINEERING WORKS COMPANY, Respondent, v. BRASS RING COMPANY, Appellants.

**Kansas City Court of Appeals, March 5, 1906.**

1. **SALES: Evidence: Machinery: Dissatisfaction of Others.** A contract for the sale of certain mining machinery made the vendees liable if they were satisfied therewith after using it for thirty days. *Held*, the fact that a great number of such machines have been tried by various persons in that mining district and none of them gave satisfaction, was immaterial.

2. ———: **Contract: Pleading: Instruction.** A contract bound the purchaser if the machinery gave satisfaction after thirty days use, and an instruction authorized a recovery if the machinery gave satisfaction for that period. *Held*, it did not change the cause of action averred in the petition and it was immaterial whether the expression of the satisfaction was oral or in writing or whether a written expression was secured by false representation.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*W. J. Owens* for appellants.

(1) This was permitting the plaintiff to sue upon one cause of action and recover upon another, which is contrary to all of the decisions of this State. McCormack v. Transit Co., 154 Mo. 191; Tussig v. Wind, 98 Mo.

App. 129; Whipple v. Loan Assn., 55 Mo. App. 554. (2) The trial issues and the instructions must be framed with regard to the paper issues, and regardless of the answer the recovery must be had upon the petition. Whipple v. Loan Assn., 55 Mo. App. 558. (3) The acceptance brought about by the fraud, misrepresentations and false statements of the seller, cannot estop the buyer. An acceptance given by the purchaser under a mistake of fact, is open to relief. Mechem on Sales, sec. 1397.

*McAntire & Scott* for respondent.

(1) The issues in this case were clear cut, and the defendants required the jury to find that the plaintiff had operated the machines for thirty days, and that they gave satisfaction for thirty days. The respondent's instructions required the same thing. Such being the case, the instructions were proper and right. McCormick v. Finch, 100 Mo. App. 641. (2) The machines did the work satisfactorily, and defendant was satisfied with the same thirty days after they began operating the same. Barnett v. Sweringen, 77 Mo. App. 64; Schermerhorn v. Herald, 81 Mo. App. 461. (3) Where a property is sold on trial and the person accepts it after a fair trial, his acceptance is irrevocable, and he is bound to pay the price. McDill v. Hall, 26 S. W. 132; Childs v. O'Donnell, 84 Mich. 533; Jacob Strauss Co. v. Kingman, 42 Mo. App. 208; 6 Ency. 463.

BROADDUS, P. J.—The plaintiff company recovered judgment on two distinct causes of action, from which defendant appealed.

The first count of the petition is based upon the following written contract, viz.:

"Carterville, Mo., August 3, 1903.
"J. George Leyner Engineering Works Co.,
Denver, Colo.

"Dear Sir: Please deliver to the Brass Ring Mining Company, the following goods:

"Two No. 3 Water Leyner Drills complete with 7 ft. double screw columns, with arms, clamps, hose and tanks ...... ... ........ $ 500 00

One set steel, 42 pieces from 24 to 96.. in. .... .... .... .... .... .... 138 30

One set of drill sharpening tools.... 12 00

One tripod complete ...... ........ 30 00

"We agree to accept and pay for the above goods on the following terms; that they give satisfaction for thirty days from date we receive and commence to operate the machines. Title to the machinery and material specified to remain in the J. George Leyner Engineering Works Company until payment be made in full; we agree to pay $340.15 at the date of the acceptance; the remainder to be paid in thirty days from date of acceptance. Yours truly,

"BRASS RING MINING CO.,

"J. H. MONTGOMERY, Supt."

The plaintiff alleges that the machinery was delivered to defendants on the 10th day of September, 1903, in pursuance of said order, and the defendants commenced on that day to operate the same and that it gave satisfaction for thirty days thereafter. That thereafter, on the 20th day of October, defendants accepted the machinery in writing and thereby agreed to pay as the purchase price for the same the sum of $680.30; that defendants have paid on said purchase price the sum of $280, leaving a balance due plaintiff of $480.30.

The second count sets out a different claim for goods sold and delivered to defendants of the value of $427.47, with a credit of $3.25.

The answer admits the execution of the contract set out in the first count of the petition and alleges that defendants were engaged as partners, except the defend-

ant Montgomery, in the business of zinc mining. The answer further alleges; that said machinery was purchased for the express purpose of being used by them in their said mining business; that the same was purchased upon the express condition that it was to give satisfaction and with the warrant that the same was adapted for the purpose for which it was purchased; that after they received it, they attempted to use it for the purpose stated, but that it would not do the work for which it was intended: that said Montgomery was the superintendent of the work and in charge of defendants' business, which was well known to plantiff; that plaintiff, being aware of the fact that he was the only person who knew whether the machinery was giving satisfaction, applied to him to accept the same as provided by the contract and pay the purchase price, but that the said Montgomery refused to receive and pay for it, because it did not give satisfaction; that plaintiff then went to defendant Newkirk and falsely represented to him that said Montgomery desired the said Newkirk to accept said machinery and that the latter, believing said representation to be true and being thereby deceived, made the written acceptance set out in the petition; and that the said Newkirk had no knowledge as to whether the machinery was or was not giving satisfaction.

The defense to the second count is; that a large part of the goods therein mentioned was purchased on the conditions set forth in the answer to the first count herein; and that a portion thereof was furnished by plaintiff in attempting to make the machinery mentioned in the first count do the work for which it was purchased; and that the same was not bought by the defendants. And further it is alleged that they did not answer the purpose for which they were intended and that they could not be so used, and that they notified plaintiff of that fact and that they refused to accept the same.

The plaintiff's reply, after denying the new matter

set out in defendant's answer, alleges; that said Montgomery held himself out to be a partner of defendants, and that he is estopped thereby from denying that he was such; and that the defendants by their said written acceptance of the machinery, etc., waived any and all objections thereto.

As we have stated the issues fully, it has obviated the necessity to call attention to the evidence except to say that there was evidence directed to each and every one of said issues. All the instructions asked by the respective parties were given by the court and we find only two errors assigned why the judgment should not stand.

First. During the trial defendants offered to show that a great number of the machines had been purchased and tried by various persons in the mining district, where they were sold to be used, and none of them gave satisfaction, or would do the work required, and that they were rejected for that reason; and that plaintiff withdrew its machines and ceased to offer, to advertise or sell them in the district. The court refused to admit such evidence. We cannot see any error in the ruling of the court in the rejection of the evidence offered. It was altogether immaterial under the issues whether the machinery gave satisfaction to parties other than defendants. If defendants after using the machinery for thirty days were satisfied with it, then they are liable under their contract. At the expiration of thirty days from its delivery and use, defendants had the option to either accept or reject the machinery. If it had proved unsatisfactory, all they had to do was to reject it. If it, on the contrary, proved satisfactory, then they were obliged to pay for it in compliance with their written order. There was no warranty on the part of the plaintiff that the machinery would prove satisfactory to the defendants for the purpose for which it was intended. That was a matter left wholly to the discretion and judgment of defendants themselves, and the only issue in that respect

Leyner Eng. Co. v. Brass Ring Co.

was not as to the merits of the machinery, but only was it satisfactory to defendants after testing it for thirty days. The right to accept or return the property was optional with defendants. [McCormick v. Finch, 100 Mo. App. 641; Schermerhorn v. Herold, 81 Mo. App. 461.]

Second. It is insisted that under the instructions the plaintiff was authorized to recover upon a cause of action different from that alleged. We suppose that defendants refer to instruction numbered 4, given for plaintiff. The substance of said instructions is that; notwithstanding the jury might find that defendant Newkirk was induced to sign the written acceptance of the machinery by the false representation of plaintiff's agent, yet, if they further find that it gave satisfaction to the defendants for thirty days from the date they received and commenced to operate the same, they will find for plaintiff. Acceptance was implied if the machinery proved satisfactory.

The petition not only alleges that the machinery proved satisfactory to the defendants at the expiration of thirty days, but that they accepted the same in writing and thereby agreed to pay the purchase price. The contention of defendants is that the petition is based upon a written acceptance of the machinery, whereas, under the instruction, it was allowed to recover if it proved satisfactory although the written acceptance was invalid. The optional contract of purchase did not provide for an expression of satisfaction in writing. The petition alleges that the machinery proved satisfactory to defendants and whether such satisfaction was expressed in writing or verbally was immaterial, as either a written or verbal expression to that effect would have been equally effective and responsive to the recitations of the petition. We have examined the record with the utmost care and think we are justified in saying that, if there was any error committed in the trial, we have not been able to discover it. Affirmed. All concur.