Jones, J.,
delivered the opinion of the Court.
This was an action of debt, brought by the plaintiff in error, against the defendant, on a bill obligatory, for the payment of $640, on which the delendant was held to bail. At the time of filing the declaration, and issuing the Writ, a bond was regularly executed and filed, for securing the payment of costs, conformably to the statute in that case provided. lit the term of April, 1819, being the return term of the writ, the defendant moved the Court, that the bail therein should be discharged, which motion was supported by the affidavit of Jonas N. Manafee, that the defendant was, at. the time of the issuing of the writ, and of the arrest, a resident and inhabitant of a place called the Cadron, on the Arkansas river, in the said Territory (of Missouri); whereupon, the Court, on its appearing, that the defendant was not *154 an inhabitant of this county, ( Cape Girardeau,) considered that he be discharged from his bail. Afterwards, at the same term, the defendant filed a plea in abatement, ycrified by his affidavit, prayed judgment of the plaintiff’s writ, and that it might be quashed; for he said, that at the time of the commencement of the action, and for a long time before, and at the time of the execution and service of the writ, neither the plaintiff nor the defendant was a resident or inhabitant of' the said county of Cape Girardeau ; but that the defendant was then a resident and inhabitant of the county of Pulaski, in the said Territory, and that the plaintiff was a resident and inhabitant of Tuckapaw, without the said Territory, in Mexico, a revolted province of Spain. To this plea the plaintiff demurred, and the defendant joined in demurrer. The Court overruled the demurrer, quashed the writ, and gave judgment for costs against the plaintiff; and this writ of error was brought to reverse the judgment of the Circuit Court, the general error assigned and joinder.
It does not appear from the record, on what grounds or position of law, the defendant was discharged from his bail; nor'is it necessary for the Court, al this time to give any opinion thereon, the question not being brought before them. The only point, therefore, that presents itself for consideration, is, the validity of the plea in abatement, which, we presume, was predicated on the act of 1813, ( Geyer’s Digest, 248, sec. 16,) which provides, that no person, .being an inhabitant of this Territory, (Missouri,) shall be arrested or held to bail in any civil action, except it be in the (217) county in which he resides; nor shall any person, as aforesaid, bo summoned for trial, in any county than that in which he was an inhabitant, unless he shall be found in the county where the plaintiff resided at the time of the serving of such process, except the inhabitants of the county of Arkansas. The obvious intention of that act, was, to prevent a resident of the Territory from being held to bail, or sued in any other county than that in which he was an inhabitant of, unless he was found, in the county in which the plaintiff resided. Bui there is an exception as to the inhabitants of that part of the then Territory, who resided in the county of Arkansas; who, for every civil pui pose, are to be regarded in no other light, than a citizen of any other state or county. Without, however, putting this construction on that act, there is no doubt but that the inhabitants of that part of the Territory of Missouri, who resided in the Arkansas county were, at the time of the issuing the writ in this case, viz : on (he 5th March, 1819, not to be considered as inhabitants of the Territory, for any judicial purposes, excepting that of" appeal to ihe Superior Court of the Territory, at large; as, by the act of Congress of 27th January, 1814, a Judge- is directed to be appointed for the limits comprised within the district of Arkansas, who should possess and exercise the jurisdiction thén possessed and exercised by the Court of Common Pleas, as well as that possessed by the Superior Court, within said district, and to the exclusion of the original jurisdiction of the said Court of Common Pleas, and Superior Court within the same; with a proviso, that writs of error and appeals should lie from the decisions of the Couit, established by that act; to the Superior Court of the State. This act, then, completely severs the Arkansas county from the other parts of the Territory, for every judicial purpose, excepting that of appeals, or writs of error; and the inhabitants of the Arkansas county possessed no other rights in the other parts of the Territory, than any other indifferent suitors ; and the defendant, by his own showing, was an inhabitant of those limits comprised within the jurisdiction of the Court, established in the Arkansas county-by the act of Congress. It has not been contended, but that a person, who is not an *155 inhabitant, may, if found within the limits of our government, he either held to hail, or summoned, according to the nature of th'e case, at the suit of a person, who is not resident in, or inhabitant thereof. Were a contrary doctrine to prevail, it would completely shut our Courts of justice against all parties, complainants, who were not citizens.of the country. In our opinion, the action was well brought against the defendant, who was then within the jurisdiction of the Territorial Court, although the plaintiff was not a resident therein; and that, therefore, the demurrer to the plea, ought to have been sustained.
Let the judgment of the Circuit Court, overruling the demurrer, and quashing the plaintiff’s writ, be reversed, with costs; and let the cause be remanded to the Circuit Court, to be proceeded on, therein, according to the principles laid down in the above opinion; and the Circuit Court is directed to sustain the plaintiff’s demurrer to the defendant’s plea. , >