STATE *ex rel.* W. J. WILLIAMS, CURATOR, &c., Plaintiff in Error, *vs.* DANIEL CARROLL, *et al.*, Defendants in Error.

1. *Guardian—Appointment—Authority of.*—In suit by a guardian against his predecessor where the petition alleged that defendant was appointed guardian in conformity to law, without stating the source from which the authority emanated, but alleged that he made settlement in a specified court having jurisdiction in the premises, and that the court approved the settlement, and that plaintiff was then appointed as guardian of the *minor*, it was *held* that the averments, taken together, were a sufficient declaration of defendant's appointment, and of the minority of the ward when plaintiff became guardian, to render the pleading good on demurrer.

*Error to Osage Circuit Court.*

*Lay & Belch*, for Plaintiff in Error.

*Henry Flanagan*, for Defendants in Error.

I. The petition must show how the plaintiff is guardian; if appointed by a court exercising probate jurisdiction, the name of the court, and the county in which it exercises its functions, should be stated. (Stanley vs. Chappell, 8 Cow. 235; State, &c., vs. Matson, 38 Mo. 489; Higgins vs. Hannibal & St. Joseph R. R. Co., 36 Mo. 418.)

II. The petition does not show that the alleged ward is a minor. (Stanley vs. Chappell, 8 Cow. *supra;* Higgins vs. Hannibal & St. Joseph R. R. Co., 36 Mo. 418, *supra.*)

III. The petition fails to show how Carroll ceased to be curator, or that there was a vacancy in the office. If he resigned, or was removed, that fact ought to be properly alleged. (1 Wagn. Stat. p. 675, § 22.) The petition alleges that Carroll was discharged; from which it may be presumed that his ward had arrived at full age, and that under §§ 48, 49, 50, 51 (Wagn. Stat. p. 681), the curator having made a final settlement, was discharged from his trust. If the ward was of full age then, that is, when the settlement was made, he alone can bring the action. Nor does the petition show when the plaintiff became curator.

WAGNER, Judge, delivered the opinion of the court.

The court sustained a demurrer to the petition, and the plaintiff refused to amend and sued out his writ of error. The pe-

tition averred that on the 24th day of April, 1870, Daniel Carroll was duly appointed guardian and curator of the estate of James C. Williams, a minor heir of Geo. A. Williams, deceased, in conformity to law in such cases made and provided, and that he executed his bond as principal, with John A. Bowen and Will. J. Knott, as sureties, to the State of Missouri in the sum of $600, conditioned that the said Daniel Carroll, principal therein, should, as such guardian of the person and curator of the estate of said James C. Williams, minor heir of Geo. A. Williams, faithfully discharge his duties as such guardian and curator according to law.

It is further stated that said Daniel Carroll, on the 22nd day of July, 1872, made a settlement of the estate of said minor ; that said settlement was approved by the county court of Osage county, which court, then and there, had jurisdiction of the same ; and that it was found that there was in the hands of the curator, belonging to the estate of said minor, the sum of $617.23 ; that said Carroll was discharged from the office, and the said W. J. Williams, was duly appointed curator of the estate of said minor, and having duly qualified and entered upon the duties of the office, said Carroll was ordered and directed, according to law, to pay over and deliver all the money, goods and estate whatsoever, belonging to said minor, to said Williams ; that said Williams demanded said estate, and that said Carroll failed and refused to deliver the same.  Breaches were then assigned and judgment demanded.

The grounds assigned in the demurrer were : first, that the petition did not state facts sufficient to constitute a cause of action ; second, that it did not appear from the petition that the plaintiff had legal capacity ; third, that the petition did not set out the conditions of the bond sued on ; and fourth, that the petition was vague, uncertain, &c.

That the petition is badly and inartistically drawn, is apparent, but the question is, whether it is so palpably defective, and wholly wanting in necessary averments that it fails to state a cause of action.  It is undoubtedly true, that when a plaintiff declares as

guardian, he must show how he is guardian, and that his supposed ward is an infant. The averments in the petition in these matters are not full, definite and specific, but may they not be considered reasonably deducible from what is · stated? It is alleged that Carroll was appointed guardian and curator of the minor, in conformity to law in such cases made and provided, and that he executed his bond conditioned that he should, as guardian of the person, and curator of the estate of the minor, faithfully discharge his duties as such; that he made a settlement of the estate of the minor, which settlement was approved by the county court of Osage county, the court having jurisdiction of the case, and that a certain amount was found to be due from him, and he was discharged.

It is not stated in the first instance, as it should have been, that Carroll was duly appointed by the probate or county court having jurisdiction of the matter; but instead thereof, it is alleged that he was appointed guardian and curator in conformity to law in such cases made and provided. But in connection therewith, it is stated that he made his settlement in the Osage county court, the court having jurisdiction over the matter, and that the court approved the same. Taking all these things together, they may be construed as amounting to an averment, that Carroll was regularly appointed by the proper authority in Osage county. No other inference can be drawn. The jurisdiction of the county court, and the proceedings therein as to the settlement are alleged, and the averment of appointment must be construed in connection with them. What follows shows clearly enough that Carroll was not discharged on account of the minor becoming of age, but for some other reason. It is stated that the plaintiff then received the appointment of curator of the estate of the minor, and that he qualified as such, and that an order was made directing Carroll to pay over to him the amount remaining in his hands. This, we think, is sufficiently set out, and Carroll's refusal and neglect to comply with the order, constituted a breach which rendered him and his securities liable to be proceeded against.

The judgment should be reversed and the case remanded. The other judges concur.