WINNIE FERGUSON, Plaintiff in Error, v. ISAAC M. DAVIDSON *et al.*, Defendants in Error.

St. Louis Court of Appeals, February 4, 1896.

1. **Pleading:** GENERAL DEMURRER. The test of the sufficiency of a petition on general demurrer is whether the facts therein stated, if true, show a cause of action against the demurring defendant. Such a demurrer can not be sustained on the ground that the petition is badly or inartistically drawn, unless it is so wholly wanting in necessary averments that it entirely fails to state a cause of action.

2. ———: ———. The fact, that a petition jumbles two complaints or causes of action together in one count, is not ground for general demurrer.

*Error to the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*L. D. Grove* for plaintiff in error.

No brief filed for defendant in error.

ROMBAUER, P. J.—The plaintiff filed the following petition:

"Winnie Ferguson, Plaintiff,
"*v.*
"Isaac M. Davidson, George C. Orchard, Louis B. Grafe, L. B. Walker, M. C. Horton, and the City of Poplar Bluff, Defendants.

In the circuit court of Butler county, Missouri. To the November term, A. D. 1893.

"Plaintiff states that she is the owner of the east half of lot number forty of the town of Poplar Bluff, as the plat thereof is recorded in the recorder's office of Butler county, Mo., and has thus been the owner for, to wit, ten years last past, and is now and has been in the actual possession of said lot.

"That on and along the east side of said lot is a public street known as Second street, and on and along the south side of said lot is a public street known as Poplar street; that each of said streets have for many years last past been used and traveled as public streets of said city of Poplar Bluff, and said streets were on a level with and grade of said lot as it existed prior to the committing of the wrongs and grievances hereinafter stated, and had been used as a road to, and means of ingress and egress to, said lot.

"That the defendant, the city of Poplar Bluff, is a municipal corporation, duly organized under the laws of the state of Missouri as a city of the third class, and was at the time of the committing of the grievances hereinafter mentioned acting as such city by and through its mayor and board of aldermen and other officers.

"Plaintiff further states that, while being thus the owner and being thus in possession as aforesaid of the said premises, and thus enjoying the use and benefits

of the said streets as appurtenant to the said lot thus running along and by the said lot as aforesaid, the defendants, on or about the fifteenth day of March last past, unlawfully and with strong hand and without any right or authority from this plaintiff or any other lawful right did by their servants, agents, workmen and employees, enter upon said streets, where they run along both the east and south line of said lot, and with dynamite and gunpowder did blast and did cut and remove from said streets the earth thereof, cutting the same down on a perpendicular line, on a line between said lot and streets to a depth of fifteen feet on both the east and south line of said lot, and removed the said earth, which said cutting of said streets was far below the established grade of said streets as established by ordinance of said city, and below what was for the free use of said streets for public travel and convenience.

"That said cutting, blasting and removing of said earth from said streets, done as aforesaid, was done by an unlawful conspiracy between the defendants, acting jointly, including the city of Poplar Bluff, defendant, acting by and through its mayor and board of aldermen and without any right in law or otherwise.

"That because of the acts and doings aforesaid, in the manner and by the means aforesaid, she has lost the use of said lot, except such use as can be gotten by climbing the banks made as aforesaid, which is inconvenient and hazardous; and also, because of the cutting as aforesaid, the lot on the edges thereof has caved off into said streets, and will continue so to do without a large outlay of money in protecting the banks thus made, and permanent damage to the value of said lot.

"That, because of the acts of the defendants done as aforesaid, she had been greatly damaged, to wit, in

the sum of twenty-five hundred dollars. Therefore, she brings suit.                         L. D. GROVE,
"Attorney for Plaintiff."

The defendant Davidson demurred to this petition generally, and for misjoinder of parties defendant. The defendant city demurred to it on the same ground, and the defendants Horton, Orchard, Walker and Grafe, demurred to it generally. The court sustained all these demurrers, and, the plaintiff declining to plead further, judgment was entered upon these demurrers in favor of the defendants. The plaintiff thereupon sued out this writ, and assigns for error that the demurrers were improvidently sustained.

The test of the sufficiency of a petition on a general demurrer is whether the facts therein stated, if true, show a cause of action against the demurring defendant. Such a demurrer can not be sustained on the ground that the petition is badly or inartistically drawn, unless it is so wholly wanting in necessary averments that it entirely fails to state a cause of action. *State v. Carroll*, 63 Mo. 156; *Darby v. Cabanne*, 1 Mo. App. 126. The petition states that the defendant corporation is a city of the the third class. The law in regard to such cities provides (R. S., sec. 1514) that, when the grade of any street or alley shall have been once established by ordinance, it shall not be lawful to change such grade without making compensation to all persons owning real estate on such street or alley who may be damaged by such change of grade. The petition states facts which, if true, show a violation of this provision. The petition also states facts which, if true, show an interference with plaintiff's right of lateral support. It is true that the petition jumbles these complaints together in one count, but that is no ground for general demurrer. The petition charges a joint trespass on part of the defendants;

State ex rel. v. Dillon.

hence the demurrer for misjoinder, filed by the defendants Davidson and the city of Poplar Bluff, could not well be sustained.

It results that the judgment must be reversed and the cause remanded. So ordered. All the judges concur.