German v. Gilbert.

CHARLES W. GERMAN, Trustee, Respondent, v. CASSIUS M. GILBERT et al., Appellants.

Kansas City Court of Appeals, March 5, 1900.

1. **Pleading: INSTRUCTION: CONTRACT: SENIOR AND JUNIOR MORTGAGEE.** A petition counting on an agreement between a prior and subsequent mortgagee is construed to mean that at the sale of the mortgaged property under the prior mortgage if no one bid a reasonable price the senior mortgagee was to bid in the property with a view to later disposition more favorable to both mortgagees. It is further held, that the mortgagor's equity was foreclosed and the senior mortgagee held the property for the security of his own debt and then for that of the junior mortgagee and that by the terms of the agreement he could not sell without the consent of such junior mortgagee, and also, further that the petition stated a cause of action.

German v. Gilbert.

2. **Consideration:** MUTUAL PROMISES: CONDITIONAL AND EXECUTORY PROMISES. Consideration means not so much that one party is profited as that the other abandons some legal right or limits his freedom of action. One promise is a sufficient consideration for another if they are concurrent. Conditional and executory promises considered and discussed and an agreement declared on in this action is held to have a good consideration.

3. **Appellate Practice:** INSTRUCTIONS: COMMON FAULT. Where the instruction of both parties contain the same error neither party can complain.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellants.

(1) The court erred in overruling the demurrer to the petition and the objection to the introduction of any evidence under it. (2) In order that one promise may be the consideration for another, both promises must be concurrent in point of time and both parties must be bound. Beach on Cont., sec. 178; see, also, Tucker v. Woods, 12 Johns. 190; Lester v. Jewett, 12 Barb. 502; Townsend v. Fisher, 2 Hilt (N. Y.) 47; Abbott's Trial Brief on Pldg., sec. 188; Pope v. Mfg. Co., 107 N. Y. 61. (3) The court erred in refusing to give the peremptory instructions to the jury to find for the defendants at the close of the evidence. (4) The court erred in admitting evidence as to the value of the property. (5) The court erred in giving plaintiff's instructions numbered 1 and 2, and in refusing defendant's instructions numbered 6, 7 and 8.

*Meservey, Pierce & German* for plaintiff, respondent.

(1) The court did not err in overruling the demurrer to the petition and the objection to the introduction of any evidence under it. (2) There was ample consideration for the

German v. Gilbert.

contract.  Plaintiff by the agreement waived his legal right to bid on the property and promised to render services in effecting a re-sale.  Givens v. Corse, 20 Mo. App. 132; Wirt v. Schuman, 67 Mo. App. 163; Lindell v. Rokes, 60 Mo. 249. (3) The court did not err in refusing to give the peremptory instruction to find for the defendants at the close of the evidence.  (4) In conclusion it is only necessary to say that the entire evidence shows a gross violation of the contract and a breach of good faith.  The agreement made between plaintiff and defendants was a valid one and such agreements have always been sustained by the law.  Hunt v. Elliott, 80 Ind. 245; Myers v. Dorman, 34 Hun. 115; Jenkins v. Frink, 30 Cal. 586; Leahey v. Witte, 123 Mo. 207; Hale v. Stuart, 76 Mo. 20.

SMITH, P. J.—This is an action to recover damages on account of the breach of a verbal contract.  The allegations of the petition were: (1) That one, Bean, executed to defendant Gilbert, agent for the other defendant, a chattel mortgage upon certain furniture in the Normandy Hotel to secure the payment of a promissory note for $791.51.  (2) That Bean executed to plaintiff, as trustee, a deed of trust covering the property specified in the said chattel mortgage, previously executed to defendant Gilbert, to secure two notes, one to the Midland National Bank for $552.38 and the other to Mrs. Jenney for $2,448.20.  (3) That on May 5, 1897, the defendant advertised said property for sale under said chattel mortgage and seven days thereafter entered into an agreement with plaintiff to the effect, first, that the defendant would proceed to sell said mortgaged property in accordance with said advertisement, and at said sale it should be bid in by the defendant, The Home Industrial Company, in its name, provided an outside purchaser could not be induced to bid the reasonable value of said property and if so bid, then in the

event of a re-sale such re-sale should be for the joint benefit of the mortgage deed of trust beneficiaries, so that plaintiff would be entitled to receive any excess arising from such re-sale above the amount of the said mortgage debt; second, that if said property was so purchased by the defendant Home Industrial Company that it should not be re-sold by it without the consent of plaintiff and the beneficiaries under said deed of trust, and that no proposition should be accepted by the former until submitted to the latter, and a reasonable opportunity afforded such latter to secure either a purchaser at a higher price, or to take said property at an advance over the proposition submitted; third, that in consideration of the promise and agreement made by the defendants, the plaintiff and said beneficiaries were to make a diligent effort to find a purchaser who would bid in said property at said mortgagee's sale at the reasonable value thereof. (4) That said property was sold under said mortgage and, in accordance with said agreement, was bid in by the defendant Home Industrial Company at a nominal sum. (5) That plaintiff and said beneficiaries thereafter made strenuous efforts to sell said property, stating in what respect they did so, and procured a purchaser who was willing to pay for said property a sum in excess of said mortgage debt, but that the defendants refused said offer and for the purpose of injuring and defrauding plaintiff and said beneficiaries, and in violation of said agreement, secretly sold said property for the alleged sum of $700. (6) That said property at the time of the said re-sale thereof was of the value of three thousand dollars. (7) That by reason of the failure of defendants to carry out said agreement damages were claimed by plaintiff in the sum of $2,300, and for which judgment was demanded.

The agreement pleaded discloses it to have been the intention of the parties thereto that if at the foreclosure sale of the mortgaged property no one bid the alleged reasonable

value thereoi that then one or the other of the defendants should bid it in so that a disposition more favorable to the claims of the beneficiaries in both instruments could thereafter be made. It was impliedly agreed that the plaintiff, in consideration of the promise of the defendants, would not bid at said sale at all. The right given defendant to bid in the property necessarily implied that plaintiff was not to bid. In contemplation of the agreement, only defendant and strangers were to bid. .The intention of the parties, no doubt, was to foreclose Bean's equity of redemption and thus get the title to the property in a condition that would facilitate the sale of it on terms more favorable to the beneficiaries.

The sale, of course, cut off Bean's equity of redemption. But what relation, if any, did the plaintiff, in his quality as trustee, sustain to the property after the foreclosure sale and purchase by the Home Industrial Company? But for the agreement his interest as junior mortgagee would have been foreclosed. His interest, under the agreement, survived the foreclosure sale, or, if it did not, it re-attached the instant the title passed to defendant under the foreclosure sale. The interest of the plaintiff after the sale was not different from what it was before the sale. The property was held by defendant as a security for the payment, first, of its own debt and then, next, that of the other beneficiaries. The *jus disponendi* was restricted and hampered by the agreement. The title acquired by the defendant at the foreclosure sale was impressed with the agreement. Under the agreement a re-sale could not be made without the consent of the plaintiff. In case defendant had an offer for the property he was required to submit that to plaintiff and if not satisfactory plaintiff had a right to take it at a greater price and thereby prevent a sacrifice of it to his injury. His relation to the property was improved by the agreement. His position now was better than that occupied by him before the foreclosure

sale.    The defendant had paid nothing for the property.    He held it under the agreement and could not dispose of it without giving the plaintiff notice, and in that way cut off the plaintiff's option to purchase himself.    It will not do to say therefore that the plaintiff, under the agreement, had no interest in the property.

But the defendant contends that the agreement pleaded is a *nudum pactum*, and therefore it is not bound by it.    The general rule is, that in order to support an action the promise must have been made upon legal consideration moving from the promisee to the promissor; there must be either a benefit to the maker of the promise or the waiver of some legal right, a loss, trouble or inconvenience to, or a charge or obligation resting upon the party to whom the promise is made.    Givens v. Corse, 20 Mo. App. 132; Brownlow v. Wollard, 66 Mo. App. 636; Houck v. Frisbee, 66 Mo. App. 16; Block v. Elliott, 1 Mo. 275; Halsa v. Halsa, 8 Mo. 303; Hudson v. Busby, 48 Mo. 35; Williams v. Jenson, 75 Mo. 681; Beach on Contr., sec. 5 and note 1.    Consideration means not so much that one part is profited as that the other abandons same legal right in the present, or limits his legal freedom of action in the future as an inducement for the act or promise for the first.    It does not matter whether the party accepting the consideration has any actual benefit thereby or not—it is enough that he accepts it and that the party giving it does thereby undertake some burden or lose something which in contemplation of law may be of value.    Webb's Pollock on Contr., 167. It is well settled that a promise is a sufficient consideration for a promise.    Moss v. Green, 41 Mo. 389; Lindell v. Rokes, 60 Mo. 249.    A promise to do a thing is just as valuable a consideration as the actual doing of it would be.    The promises to constitute a consideration for each other must be concurrent or become binding at the same time, otherwise each will be without consideration at the time it is made and both must be *nuda pacta.*

German v. Gilbert.

In bilateral contracts—that is, where the consideration for a promise is a promise—the whole agreement may be intended by the parties to be contingent and to come into effect only at the will of one of the parties. The promissor is in the position of one who has made a continuing offer which though it may be withdrawn before anything is done by the promisee, will become binding when it is accepted by him, either by giving the contemplated promise in return or by doing the acts contemplated. In giving the promise or otherwise supplying the consideration he supplies the element of mutuality. A contingent promise may form a consideration for a promise given in return. If a person agrees to buy, and another to sell all the supplies of a certain kind the former may need, or that the latter may have to sell, or if one party binds himself absolutely to take all the supplies he may need, not merely to take what supplies he may choose to take; and the other binds himself absolutely to sell all he may have to dispose of, there is no want of mutuality. Each promise is a consideration for the other, and the contract in each case is binding.

Somewhat similar in character are the considerations which consist of conditional promises; as, for instance, where a person promises to do something for a reward, but the other party only binds himself to pay the reward upon the happening of an event which may not be under the contract of either party. In the one case, the promise depends for its fulfillment upon a condition precedent; in the other it is liable to be defeated by a condition subsequent. In neither case does the conditional character prevent it from forming a sufficient consideration for promises given in return. Clark on Contr., sec. 75, and cases cited. The consideration for a promise may well be contingent; that is, it may consist in the doing of something by the promisee which he need not do unless he chooses, but which being done by him, the contract is complete and the

promise binding.   Wharton on Contr., sec. 524.   When one person says to another, "I will promise to do a particular thing if you will promise to do a certain other thing."   If this is agreed to by such other, there is a contract.   Promises therefore, to lend support to each other must be reciprocally dependent.   When forming an oral contract, they must be simultaneous.   Wharton on Contr., sec. 523; Nichols v. Rayn-bred, Hobart's Rep. 220.   Such a contract is executory on both sides.   The law when called upon to define it requires value for value.   If there be a *quid pro quo* it is valid.   The consideration for a promise is executory where it is a promise given in return to do something in the future.   It is, however, none the less valid because of its executory character. Clark on Contr., sec. 196.

When tested by the principles just referred to, have we a valid and binding contract alleged in the petition?   The promises were concurrently made.   If what was promised by the plaintiff to be done for defendant constituted a legal consideration, then the latter's promise was binding.   Manifestly, what was promised by the plaintiff to be done entailed upon him and his beneficiaries considerable detriment.   Wharton on Contr., sec. 505.   Not only this, but the plaintiff, by his implied promise not to bid at the foreclosure sale, altered, if he did not waive, an existing right, to wit: that to bid at such sale.   Webb's Pollock on Contr., 177.   Looking at the mutual promises and undertakings of the parties as pleaded, in the light of the principles just referred to, and we can not doubt that the same constituted a valid and binding contract based upon a sufficient consideration.   Nor do we discover any reason why the defendant is not liable in damages for the alleged breach thereof.

The case of Bank v. Bennett, 76 Pa. St. 402, relied on by defendant, while, in some respects, quite analogous to the present case, is to be distinguished from it.   In that

German v. Gilbert.

case, there was not even a pretense that there was any supporting consideration for the promise of the bank. Here, the defendant's promise, which, it is alleged, was not fulfilled, had for its supporting consideration the concurrent promise of the plaintiff. In this case there was, while in that there was not, a valid contract. The defendant's demurrer to the plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action was, we think, therefore, properly denied.

There was a trial in which plaintiff had judgment and defendants appeal. The defendants assign as error the action of the court in giving an instruction for the plaintiff which declared that the measure of damages was the reasonable market value of the property, less the amount of the principal, interest and cost due on defendants' mortgage at the time of the foreclosure sale. The defendants' fifth instruction asserted a like rule. The error, if error it was, was common; and therefore neither party can complain of the action of the court in that regard. This shuts out any inquiry by us respecting the correctness of a rule which both parties asked the court to declare.

If the contract was valid, as we have concluded it to be, then the evidence adduced establishing a breach of it was ample to justify the verdict. Several other points have been discussed in the briefs of counsel for defendants, but these we have considered and find without merit. The judgment will accordingly be affirmed. All concur.