H. B. KUDER, Respondent, v. C. G. ROWAN, trading as C. G. ROWAN TRUCK AND TRACTOR COMPANY, Appellant.

Kansas City Court of Appeals. January 30, 1922.

1  EVIDENCE: Parol: Ambiguous Agreement: Where Partners Receipt was Ambiguous upon its Face as to Who was to Pay Commissions and There was Parol Evidence that the Same Should be Paid by Defendant Direct to Plaintiff, Defendant was Liable under Agreement. Where plaintiff and another were partners and in the employ of the defendant who was engaged in the business of selling automobile trucks, and plaintiff upon being discharged by defendant executed a receipt and agreement, stating that it was in full for all deals with the exception of three other deals in which plaintiff had an interest as partner, and that if his co-partner made those sales, he was to receive his half of the commission, the agreement was ambiguous upon the face as to who was to pay the commission, but there being parol evidence that it was understood by all three parties concerned that defendant was to pay plaintiff direct, the defendant was liable up on the agreement.

2  PARTNERSHIP: Implied Agreement: There Being an Implied Agreement Between Partners that Each is the Agent for the Other, an Employer of Partners was Authorized to Pay Full Commission on Sale to One Partner. In the obsence of any agreement defendant

Kuder v. Rowan.

would have been within his rights in paying the entire commission to one of the partners, there being an implied agreement arising out of the relationship of the parties that one of the partners constitutes the other his agent.

3. ————: Partners May Agree with Employer that One Partner's Share of Commisions Shall be Paid Direct to Him. Members of a partnership as individuals, together with the person with whom they are dealing, may enter into a contract founded upon a sufficient consideration in relation to how money should be paid, coming to them as members of the partnership, even though such agreement is inconsistent with the implied rights, duties and authority arising from an ordinary partnership relation.

4. ————: Agreement between Partners that Employer Should Pay One Partner his Share of Commission Direct, Held, Founded upon a Sufficient Consideration. Where partners were employed to sell automobile trucks on a commission, and one of them upon being discharged, signed a receipt stating that it was in full, with the exception of certain deals, and that if such sales were made, the discharged partner was to receive his half of the commission, direct from employer, the employer's agreement to pay the share of commission to such partner, was founded upon a sufficient consideration.

5. ————: Partner may Sue upon Express Agreement Made to Him Individually Without Joining Co-partner. Where there was an agreement between partners and their employer that one partner who had relinquished his right to look to his co-partner for his share of certain commissions upon sales made by co-partner, should be paid by employer individually and not as a partner, said partner could bring suit upon the agreement against employer without joining co-partner, as he would not be suing in his capacity as a partner but his action would be upon the express agreement had between the partners and employer.

Appeal from the Circuit Court of Jackson County.— *Hon. Charles R. Pence,* Judge.

AFFIRMED.

*Ernest S. Ellis, Frank W. Yale* and *Carl G. Wagner* for respondent.

*I. B. Smith* for appellant.

208 M. A.—31

BLAND, J.—Plaintiff brought suit in a justice court for $45.90 alleged to have been due him upon the following contract—

"Kansas City, Mo., Sept. 4, 1919.

"Gentlemen:

"I have this date received of C. G. Rowan Truck and Tractor Co., ($156), One Hundred Fifty Six Dollars which pays me in full for all deals, with the exception of the three Vochester deals, that Mr. Cope and I are in partnership on. Providing Mr. Cope sells these used jobs, I am to receive my half of the commission on same.

"Yours truly,
"H. B. KUDER.

"Accepted as stated above
"C. G. ROWAN."

There was a judgment in favor of plaintiff for the amount sued for and defendant appealed to the circuit court where the case was tried without the aid of a jury and upon hearing the testimony the court rendered judgment in favor of plaintiff in the sum of $22.95, and defendant has appealed.

The facts show that plaintiff and one Cope were in the employ of the defendant who was engaged in the business of selling automobile trucks. Defendant discharged plaintiff and thereupon the receipt and agreement quoted, supra, were executed. The evidence shows that prior to the time Cope's employment with defendant was terminated he sold a Vochester truck, being one of "the three Vochester deals" mentioned in the writing, for the sum of $540. The commission defendant agreed to pay for the selling of this truck was a sum equal to eight per cent of the sale price. The commission amounted to $45.90, which defendant paid to Cope. Plaintiff demanded of defendant his half of the commission for the selling of this truck but defendant refused to pay the same, resulting in this suit. ·

Defendant contends that the court erred in refusing to give its first declaration of law to the effect that

under the pleadings and evidence plaintiff was not entitled to recover and in support of this contention it is said that the writing quoted supra is merely "a receipt in full for all money due him (plaintiff) up to the time he left the service of this defendant and a notice to this defendant that plaintiff is a partner of one Cope. This writing does not in any way obligate the defendant to assume the burden of dividing the partnership funds between the partners. It is simply an admission on the part of the defendant that any commission then due or which might thereafter become due to the partnership between plaintiff and Mr. Cope did not enter into the settlement at that time made." That as defendant paid one of the partners in full he discharged the debt of the partnership and plaintiff is not entitled to recover. Defendant also contends that the suit is for a partnership demand and that one partner cannot sue for his portion without joining the other.

We must decide defendant's contention against him. The receipt and agreement purports to be something more than merely a receipt excluding the amount of commission earned or that might be earned by the partnership. It contains an agreement that if Cope sold the trucks, plaintiff was to receive his half of the commission on the same and at the bottom an acceptance on the part of defendant is noted. The agreement does not state by whom plaintiff's commission was to be paid but does provide that plaintiff should receive his half. There was no necessity for the insertion of a clause of this kind if it was merely intended that plaintiff was to receive his half of the commission from Cope, for they being partners, the law provided for this in case Cope collected the whole of the commission. However, the agreement is ambiguous upon its face at least as to who was to pay the commission. There was parol evidence not objected to throwing light upon the provisions of the writing in reference to this matter. There was evidence on this point tending to show that it was understood by all three parties concerned, at the time plaintiff left de-

fendant's employ or before, that defendant was to pay plaintiff direct his one-half of any commission earned by the partnership.

Of course, in the absence of any such agreement defendant would have been within his rights in paying the entire commission to Cope. [Anable v. McDonald Land & Mining Co., 144 Mo. App. 303.] This law is founded upon an implied agreement arising out of the relationship between the parties, that one of the partners impliedly constitutes the other his agent in transacting business of this kind. We see no reason why members of a partnership *as individuals,* together with the person with whom they are dealing, may not enter upon a contract, founded upon a sufficient consideration, in relation to how money should be paid coming to them as members of the partnership even though such agreement is inconsistent with the implied rights, duties and authority arising from an ordinary partnership relation. We think that kind of an agreement was entered into this case and that the agreement was founded upon a sufficient consideration. It is stated in Nelson v. Diffenderffer, 178 Mo. App. 48, 55, 56—

"It is not necessary that a supposed consideration be of some real value to the promisor. It is sufficient that it is any detriment or inconvenience to the promisee or that he change his relations or relinquish his supposed right against the promisor or a third party in consequence of such promise. [Williams v. Jensen, 75 Mo. 681; German v. Gilbert, 83 Mo. App. 411.]"

In this case defendant was the promisor and plaintiff the promisee. There was ample evidence of an agreement between all three parties that plaintiff should relinquish his right against Cope to look to the latter for his part of the commission. At the time the suit was filed the partnership was out of existence and plaintiff had authority from Cope to bring this suit. There is no objection to plaintiff's bringing this suit without joining Cope. Plaintiff was not suing as a partner but sued upon an express agreement had between him and the

defendant wherein, as we have already stated, the defendant agreed to pay plaintiff individually and not as a partner one-half of the commission.

Defendant's third and fourth declarations of law were properly refused. They provided for a peremptory finding for defendant.

The judgment is affirmed. All concur.