C. H. EDWARDS, APPELLANT, v. LORA OFFUTT, EXECUTRIX, RESPONDENT.
—78 S. W. (2d) 140.

Kansas City Court of Appeals. December 3, 1934.

*Lawson & Hale* for appellant.

*Jacobs & Henderson* and *Thos. E. Deacy* for respondent.

CAMPBELL, C.—This is an action to recover damages for the alleged breach of a written contract entered into between plaintiff and Bert Offutt. After the institution of the action and service of summons Bert Offutt died and the cause was revived in the name of his legal representative. After the cause was revived plaintiff filed his second amended petition, to which the defendant interposed a general demurrer. The demurrer was sustained, plaintiff declined to plead further, and the court entered judgment dismissing the action. Plaintiff has appealed.

The second amended petition alleges that on January 11, 1928, plaintiff was engaged in farming in Clay county, Missouri; that he farmed land adapted to the growing of potatoes; that Bert Offutt was engaged in the business of buying and selling potatoes and owned and operated farms, one of which was in the immediate vicinity of plaintiff's land; that on the aforesaid date plaintiff and Bert Offutt entered into an agreement in writing by the terms of which the plaintiff sold and agreed to deliver to said Offutt and the said Offutt purchased and agreed to accept delivery from plaintiff all the potatoes grown in the summer of 1928 by plaintiff on his said land for the price of $1.25 per 100 pounds, to be delivered at Excelsior Springs Junction between July 5, 1928, and July 20, 1928, which potatoes were to be loaded by plaintiff in cars in good condition; that at the time said contract was made Offutt paid to plaintiff thereon the sum of $500; that in the season of 1928 plaintiff planted his said land in potatoes, cultivated and cared for same, and that within the time specified in the contract began delivering said potatoes to said Offutt and placed them in cars at Excelsior Springs Junction; that Offutt

received and paid for several carloads of said potatoes; that thereafter and within the time specified in the agreement "plaintiff delivered to said deceased, loaded in cars at Excelsior Springs Junction twelve more cars of said potatoes;" that deceased claimed the potatoes were defective and for that reason refused to ship or pay for the same, and plaintiff was compelled to market the potatoes as best he could. The petition describes the twelve cars into which the potatoes were loaded and which the deceased refused to ship, and alleged damage in the sum of $2956.52.

The legal effect of the demurrer was to admit as true the allegations of plaintiff's petition.

The defendant contends that the contract pleaded was void for lack of certainty and that it was unilateral.

Plainly, the pleaded contract was unilateral and unenforcible in its inception for the reason that it did not obligate the plaintiff to do anything. [Hudson v. Browning, 174 S. W. 393.] However, the petition avers that plaintiff planted and ·cultivated the potatoes upon the land which he owned or controlled; that upon maturity of the crop and within the time specified in the contract, he delivered to Bert Offutt several carloads of the potatoes; that Bert Offutt received the potatoes and paid for them; that thereafter and within the time provided in the contract, plaintiff delivered to Bert Offutt the remainder of the crop of potatoes and that the latter refused to ship or pay for them on the ground that the potatoes were defective. It is clear that the petition pleaded facts showing that the contract was performed in part by both of the parties to it. The case of Loud v. Union Trust Company, 313 Mo. 552, 604, is controlling. In the Loud case the Supreme Court said:

"Besides, even though the Walker option may have been unilateral in its inception, when Walker in reliance thereon, expended time and money in endeavoring to procure a purchaser for the stock, such acts upon his part, under the holdings of this court and our Court of Appeals, made the contract bilateral and binding upon both parties. [Mercantile Trust Co. v. Lamar, 148 Mo. App. 355; Underwood Typewriter Co. v. Realty Co., 118 Mo. App. 197; idem. 220 Mo. 523.]"

When plaintiff expended time and money in planting and cultivating the potatoes and Offutt received a part of them the contract was bilateral and binding upon both parties. Moreover, the delivery to the carrier at Excelsion Springs Junction was a delivery to the defendant's intestate. Thus, plaintiff pleaded full performance on his part and facts showing that it was the duty of said Offutt to pay for the potatoes which plaintiff loaded into cars at Excelsior Springs Junction. We deem it unnecessary to pursue the matter further. The judgment is reversed and the cause remanded. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.